## N. Y. COMMON PLEAS.

### In the Matter of KETCHUM'S APPLICATION.

*Examination of parties before trial — Code of Civil Procedure, section 872 —
Requisites of an affidavit on which an application is made for the exami-
nation of witnesses where no action is pending.*

Since the amendment which was made in 1879 to subdivision 6 of section
872 of the Code of Civil Procedure, it is requisite and necessary, in an
affidavit on which an application is made for the examination of wit-
nesses where no action is pending, to state what the circumstances are
which render it necessary for the protection of the applicant's rights
that the witnesses' testimony should be perpetuated.

The meaning of the amendment to subdivision 6 is to require the appli-
cant to show that he is in danger of losing the evidence of his right
before it could be judiciously investigated. To prove that such danger
exists it is incumbent on the complainant to allege that he has an inter-
est, present or contingent, in the property, and that the defendant has
or claims to have an interest. He is further bound to show that he is
in danger of losing his witnesses by sickness, age, death or departure
from the jurisdiction, or that his case rested upon the evidence of only one
witness. Where he could at once bring a suit, he is bound to show that
it has been commenced. If no action is pending, he is obliged to explain
why he is not able to maintain an action, the ordinary reasons being
that the right of action belonged to the adverse party, or that the
adverse party had raised some impediment (an injunction for example)
to an immediate trial in a court of law.

*Special Term, December*, 1880.

VAN HOESEN, *J.* — Section 872 of the Code of Civil Pro-
cedure, as originally enacted, made no change in the law
respecting the perpetuation of testimony, for that section was
substantially a re-enactment of article 5, chapter 7, title 3,
part 3 of the Revised Statutes. The construction of that
article of the Revised Statutes was settled by the adjudica-
tions of the old supreme court, of the chancellor and of the
present supreme court. It is not necessary to refer more par-

ticularly to the decisions for the amendment which was made, in 1879, to subdivision 6 of section 872, has so changed the law respecting the perpetuation of testimony that they no longer aid us in determining what allegations are requisite and necessary in an affidavit on which an application is made for the examination of witnesses where no action is pending. It is now necessary for the applicant to show to the judge by affidavit what the circumstances are which render it necessary for the protection of the applicant's rights that the witness' testimony should be perpetuated. This is a most important change in the law, for the Revised Statutes made no such requirement, it being settled that an affidavit was sufficient which contained the statements prescribed by section 34, 2 Revised Statutes, 398. In his preliminary note to chapter 9, article 1, title 3 of the Code of Civil Procedure, Mr. Throop says that he has endeavored to throw "some guards around the proceedings to examine a person expected to be made a party in order to close a door against abuses, which the original statute leaves open." The guards which he speaks of are the provision that the applicant shall set forth the circumstances which make it necessary to perpetuate the testimony. This leads us at once to inquire why it ever was necessary to perpetuate testimony. The answer is to be found in the decision of the court of chancery, for it was the necessity of the case which first led the court to entertain bills for the perpetuation of testimony. We find, on referring to the books, that it was deemed necessary to perpetuate testimony where a person interested in property was in danger of losing the evidence of his right before it could be judicially investigated. To prove that such danger existed it was incumbent on the complainant to allege that he had an interest, present or contingent, in the property, and that the defendant also had, or claimed to have, an interest. He was further bound to show that he was in danger of losing his witnesses by sickness, age, death or departure from the jurisdiction, or that his case rested upon the evidence of only one witness. Where he

could at once bring a suit he was bound to show that it had been commenced. If no action was pending he was obliged to explain why he was not able to maintain an action, the ordinary reasons being that the right of action belonged to the adverse party, or that the adverse party had raised some impediment — an injunction, for example, to an immediate trial in a court of law.

The meaning of the amendment to subdivision 6 is, in my opinion, to require the applicant to show substantially the same state of facts which a bill to perpetuate testimony disclosed; and I hold that it is not necessary to perpetuate testimony for an action hereafter to be brought when no reason exists why the applicant should not forthwith bring his action. Where an action has been brought the adverse party may be examined under subdivision 5 of section 872, and all that the applicant need then show is that he has a good case and that he expects to prove all or some of the facts of his case by the adverse party. Of course the formal parts of the affidavit must contain the allegations mentioned in the first four subdivisions of the section. The affidavit of the applicant states that she intends to bring an action, but she does not show that any reason exists for her postponing the commencement of the litigation. If she does not know all the facts connected with her cause of action she may, after a summons has been served, obtain an order for the examination of the defendant that she may learn from him the details which she needs to know in order to frame her complaint. But as she can sue at once, if she chooses so to do, the person whom it is sought to examine ought not to be annoyed by going through an examination which may be the beginning and the end of the applicant's proceedings.

The motion to dismiss the order for the examination will be granted; but as the question decided is a new one, no costs will be imposed.

Note.— Where the defendant seeks to obtain an order for the examination of the plaintiff before the answer is served, his affidavit must show

what his defense is, and that it is a good one, and also state what material facts he expects to prove by the examination. It need not state that he intends to introduce the examination as evidence at the trial. This was held by judge VAN HOESEN in two cases: *Shaw* agt. *Van Rensselaer* (*ante,* 143) and *McCoon* agt. *White* (*ante,* 149). The judge said that a bill of discovery which stated the matters which he required in the affidavit would be good in substance, and no more need be set forth in the affidavit than was requisite in the bill of discovery. The formal parts of the affidavit, it was said, must conform to the requirements of section 872. The authorities cited by the judge were *2d volume Barbour's Chancery Practice* (*pages* 101–116); *Williams* agt. *Harden* (1 *Barb. Ch. R.,* 298); *Primmer* agt. *Patten* (32 *Ills.,* 528; *Story's Eq. Jur.,* sec. 1493, *b*). [REP.