THE MERCHANTS' NATIONAL BANK OF THE CITY OF NEW YORK, Respondent, *v.* JAMES F. SHEEHAN, Impleaded, etc., Appellant.

The Code of Civil Procedure (§§ 870, 876) authorizes the granting of an order, before an action has actually commenced in a court of record, for the examination of a person against whom such an action is "about to be brought," upon the application of the person who is about to bring the action.

The granting of such an order is within the discretion of the court, and *it seems* the cases are rare where justice will be promoted by granting·it.

(Argued December 8, 1885 ; decided January 19, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made the first Monday of May, 1885, which modified, and affirmed as modified an order of Special Term adjudging the appellant guilty of contempt in disobeying an order requiring him to appear before a referee named to be examined and make a deposition as an expected party to an action about to be commenced in the Supreme Court. The appellant appeared before the referee, but refused to be examined.

*M. J. Scanlan* for appellant. The order is appealable. (*Brinkley* v. *Brinkley*, 47 N. Y. 40 ; *Ludlow* v. *Knox*, 4 Abb. Ct. App. Dec. 326 ; *People* v. *Dwyer*, 90 N. Y. 402.) In order to render a party liable for contempt in disobeying an order of the court or of a judge, it must appear that it was a lawful mandate. (Code of Civ. Pro., § 14; *People* v. *Riley*, 25 Hun, 587 ; *O'Gara* v. *Kearney*, 77 N. Y. 423; *People* v. *Edson*, 52 Sup. Ct. 53; *In re Fisk*, 7 Civ. Pro. [Brown] 169.) Before a party can be imprisoned for contempt, a reasonably clear case upon the law and the facts should be made, and there should be an adjudication that the alleged misconduct defeated, impaired, impeded or prejudiced a right or remedy of a party to a civil action. (*Fischer* v. *Raab*, 81 N. Y. 235.) The

right of a party to the examination of his adversary is strictly statutory. The court has no inherent or common-law power to order the examination. The statute points out how the examination is to be procured, and that mode must be followed. (*Hershon* v. *Knickerbocker L. I. Co.*, 77 N. Y. 278.) The order for examination was void because no action had been commenced. (Code, § 870 ; *Paulmier* v. *Sweeney*, 56 How. 1 ; 5 Abb. N. C. 151 ; *De Leon* v. *De Lima*, 66 How. 287 ; *Matter of Paulmier*, 5 Abb. N. C. 151 ; 3 R. S., chap. 7, title 3, art. 1, § 1 ; Code of Pro., § 390.) The appearance of an attorney on the application for the order for examination was not sufficient to give the court jurisdiction. (*Couch* v. *Mulhane*, 63 How. 79 ; *Brandon Mfg. Co.* v. *Pettingill*, 2 Abb. N. C. 162.)

*G. Zabriskie* for respondent. The justice who granted the order for appellant's examination had jurisdiction of the subject-matter and of the person of the appellant, and the order was in all respects regular and cannot be questioned by the appellant in proceedings to punish him for contempt in disobeying it. (*Hunt* v. *Hunt*, 72 N. Y. 217 ; *Fisher* v. *Hepburn*, 98 id. 41 ; *Clapp* v. *Graves*, 26 id. 418 ; *Erie Ry. Co.* v. *Ramsey*, 45 id. 637 ; *Higgins* v. *Rockwell*, 2 Duer, 650 ; *Cooley* v. *Lawrence*, 5 id. 605 ; Code of Civ. Pro., § 424.) There is no force in the objection that under the Code you can examine only " a person who expects to be a party to an action about to be brought," and not a person whom you expect to make a party. (Code, § 872, subds. 1, 6, §§ 873, 875, 881 ; Code of Civ. Pro., § 877.)

ANDREWS, J. The question on this appeal depends upon the construction of section 870 of the Code, which is as follows : " The deposition of a party to an action pending in a court of record, or of a person who expects to be a party to an action about to be brought in such a court, etc., may be taken at his own instance or at the instance of an adverse party, or of a co-plaintiff or co-defendant, at any time

before the trial, as prescribed in this section." The question presented is whether this section authorizes an order for the examination of a person against whom an action is about to be brought, upon the application of the person who is about to bring such action, but before it has been actually commenced. The section is obscure, and its interpretation is by no means clear. The deposition to be taken is of the person " who expects to be a party." A person who contemplates bringing an action expects to be a party thereto, and it seems to be clear that under the section he can procure his own testimony to be perpetuated. The person against whom the action is to be brought, may expect to be sued. A suit may have been threatened, or he may know that a cause of action has accrued against him, or that a liability is claimed, likely to result in litigation. Is the remedy given by this section available to either of the persons so situated, and may an order be granted before suit brought, upon the application of either, for the examination of his adversary? Considering this section alone, the most natural meaning would seem to be that a person who expects to become, or to be made a party to an action, may on his own application have his deposition taken in anticipation of the actual commencement of the suit, and that the words " or at the instance of an adverse party," only apply when the person seeking the examination of his adversary, is a party to a pending action. The change of phraseology by the substitution of the word *party* in the second clause, for the word *person* in the first clause, gives some force to this construction. But section 876 seems to render it clear that a proceeding under section 870 may be instituted by an adverse party against the other, although no suit has been commenced, but is only contemplated. That section provides that certain specified sections for the punishment of contumacious witnesses, shall apply " to the examination of a party, or a person expected to be an adverse party." It would be absurd to provide for the punishment of a person who sought to perpetuate his own testimony. The section plainly was intended to provide for the case of a contumacious witness, ex-

pected to be made a party to an action, whose examination was sought by his adversary. On the whole we are of opinion that the order issued in this case, on the application of the bank, for the examination of Sheehan, against whom the bank was about to commence an action, was authorized and that he was in contempt for disobeying it. The bank might have commenced its action, and then have procured an order for the examination of the defendant. The granting of an order in such a case as this, before suit brought, upon the application of the proposed plaintiff, is within the discretion of the court, but it can rarely happen that justice will be promoted by granting an order on the application of a proposed plaintiff, before the commencement of an action, and the practice, unless carefully guarded, may lead to great abuses.

The order should be affirmed.

All concur.

Order affirmed.