(15 Misc. Rep. 75.)

### In re GAINS.

(Superior Court of Buffalo, Special Term. December, 1895.)

1. DISCOVERY—SUFFICIENCY OF AFFIDAVIT.
　　Under Code Civ. Proc. § 872, requiring one who desires to take the deposition of another, whom he is about to sue, to make an affidavit stating the nature of the controversy which is expected to be the subject of the action, the affidavit is sufficient where it avers that the person to be examined. unskillfully and negligently performed a surgical operation on affiant, and thereby caused him permanent injuries.

2. SAME—JURISDICTIONAL FACTS.
　　The further requirement of section 872 that the affidavit shall set forth that the testimony of the person to be examined is "material and necessary" for the moving party is jurisdictional, and the omission thereof renders an order granting the application void, though it appear from the papers that such testimony is material and necessary.

3. SAME—AFFIDAVIT—SUFFICIENT ALLEGATION.
　　The words "it is necessary that your petitioner have the privilege of examining said" person do not allege that his testimony is "material and necessary," as required by section 872.

Application by A. D. Gains for an order for the examination of William H. Heath, expected to be made defendant in an action to be brought for unskillfully and negligently performing a surgical operation on the applicant, Gains. Heath appeared before the referee, but refused to answer material questions. Applicant moves to punish defendant as for contempt for such refusal. Denied.

Herman Hennig, for plaintiff.
Thomas Cary Welch, for defendant.

TITUS, C. J. On the 30th day of November, 1895, Herman Hennig, Esq., an attorney of this court, presented the verified petition of A. D. Gains, together with an affidavit of service upon William H. Heath, and procured an order for the examination of said Heath, under sections 870 and 872 of the Code of Civil Procedure. Heath is expected to be a party defendant to an action to be brought by

Gains for negligently performing a surgical operation upon said Gains for stone in the bladder. Heath appeared before the referee, pursuant to the order, but refused, under the advice of counsel, to answer material questions put to him. This application is made for an order adjudging Heath in contempt for such refusal. It is claimed that the petition does not state sufficient facts to confer jurisdiction upon the judge who granted the order.

Section 870 of the Code of Civil Procedure provides:

"The deposition of a party to an action pending in a court of record, or of a person who expects to be a party to an action about to be brought in such a court other than a court specified in subdivisions sixteenth, seventeenth, eighteenth and nineteenth of section two of this act, may be taken at his own instance or at the instance of an adverse party, or of a co-plaintiff or co-defendant, at any time before the trial, as prescribed in this article."

So much of section 872 as is material here provides that the affidavit shall set forth:

(1) "If no action is pending, the names and residences of the expected parties thereto."

(3) "The nature of the controversy which is expected to be the subject thereof."

(4) "The name and residence of the person to be examined, and that the testimony of such person is material and necessary for the party making such application."

(6) "That the person expected to be the adverse party is of full age and a resident of the state. * * * The street and street number."

It appears from the papers that the applicant, at the time of the operation, was blind, and was put under the influence of anaesthetics, and has no knowledge of how the operation was performed, or who performed it, or in what manner he received the injury of which he complains; that his hip was broken in some way, but how he does not know; and that the injury is of a serious and permanent character. If the affidavit brings the case within section 872 of the Code, there is clearly a necessity shown for an examination of Dr. Heath, the expected party to the action about to be brought, and the granting of the order was within the fair and reasonable discretion of the judge making it. Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333; Fatman v. Fatman (Com. Pl.) 18 N. Y. Supp. 847.

The defendant claims that no cause of action is stated against Heath or any other person. While the affidavit is inartistically drawn, and the facts are not stated with that degree of precision which is customary in a complaint, yet I think the plain statement of facts contained in it shows that the plaintiff has a cause of action against Heath. It is alleged that Heath and others, whose names are unknown, performed the operation upon him, and that it was unskillfully and negligently performed. The affidavit states in much detail the fact of his being taken to the hospital, and of his being operated upon, and of his subsequent ascertainment that his hip was broken. In another respect, I think, however, that the affidavit is defective. It does not state that the testimony is "material and necessary," as required by the Code. It is plain to be seen that the testimony is material and necessary, and in this respect complies with the requirement of rule 83; but it is, nevertheless, not a com-

pliance with the requirement of the law.    The rule does not dispense with the necessity of alleging what is required in the Code to be stated in the affidavit, "that the testimony of such person is material and necessary for the party making the application."    Beach v. Mayor, etc., 14 Hun, 81; Chapin v. Thompson, 16 Hun, 53.    The affidavit contains no allegation which can be construed into a statement that the testimony sought to be obtained is material and necessary for the party making the application.    It is alleged that "it is necessary that your petitioner have the privilege of examining said Heath," etc.; but this is not equivalent to alleging that his testimony is material and necessary, and it was so held in Beach v. Mayor, etc., supra.    The right of a party under this provision of the Code is strictly statutory, and the mode pointed out by the statute must be followed; otherwise, no power is conferred upon the judge to make the order.    Heishon v. Insurance Co., 77 N. Y. 278.    I am aware that it has been held in some cases that after an order has been made by a judge, and served upon a party, the proper course to pursue is to move at once to set it aside.    That is, undoubtedly, the correct practice; but here the court did not, by reason of a failure of plaintiff to state the necessary facts, get jurisdiction of the person of Heath, and was without power to make the order.    As well might the judge grant the order without any of the affidavits required by the statute to confer jurisdiction upon the court, and then claim that a person would be guilty of contempt in failing to obey an order made under such circumstances.    The trouble here is that the judge had no power to grant the order on the papers presented, and never obtained jurisdiction over the person of Heath, and consequently the order was void and without force.    This is not a mere irregularity in granting the order, which the party waives by appearing in obedience to it, because, as has been stated, no sufficient facts were stated in the affidavit to confer jurisdiction to grant the order.    I think, therefore, that plaintiff's motion must be denied, and the order vacated and set aside, but without costs.

Motion denied and order vacated, without costs.