> An assignee of a claim for certain labor performed for a newspaper brought two successive actions thereon against one S., the editor thereof; the first being brought against him as proprietor, and the second as director of a corporation. In each case the answer denied the alleged relationship of S. to the paper, and the actions were withdrawn. Subsequently, after a vain request to S. to state who were the owners of the publication, the assignee procured an order for the examination of S., under Code Civ. Proc. § 871, providing for taking the deposition of a person whose testimony is material and necessary to a person who expects to be a party to an action about to be brought. *Held*, that the order was properly granted.

In the matter of the application of Jennie Weil for the examination of one Jacob P. Solomon. From an order denying the motion of Solo-

mon to vacate an order for his examination before the bringing of an action, he appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Joseph P. Joachimsen, for appellant.
Victor E. Whitlock, for respondent.

WOODWARD, J.    Section 871 of the Code of Civil Procedure provides that the "deposition of a person not a party, whose testimony is material and necessary to a party to an action, pending in a court of record,    *    *    *    or to a person who expects to be a party to an action, about to be brought in such a court, by a person other than the person to be examined, may also be taken, as prescribed in this article."    It appears from the affidavits that the respondent, as the assignee of certain claims for labor performed for the Hebrew Standard, of which the appellant is the editor, has on two several occasions brought actions in a court of record to recover the same; the first action being brought against the appellant as the proprietor of the said Hebrew Standard, and the second against the appellant, Jacob P. Solomon, as a director of a corporation.    In each instance the answer has denied the relationship to the said Hebrew Standard alleged in the complaints, and the actions have been withdrawn.    The respondent, through her attorney, then requested the appellant, Solomon, to state who were the owners of the said publication, but all information was withheld.    Under these circumstances, Justice Wilmot M. Smith granted an order, under the provisions of section 871 of the Code of Civil Procedure, directing an examination of the said Jacob P. Solomon.    A motion to vacate this order was argued before Mr. Justice Smith, and denied; and the appellant now comes to this court to be relieved from its operation, on the ground that the affidavits on which the order was granted are insufficient.

The only questions involved in this case have been amply discussed and decided in the case of Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333, and it does not seem necessary to go into any detailed inquiry as to the unimportant points raised in behalf of the appellant.    If the appellant is not a member of the board of directors of the Hebrew Standard, as a corporation, and not the proprietor of that publication, it is difficult to see how he can have any interests which will be endangered by an examination which looks to the discovery of the proper person or persons to be served with the papers in an action for the recovery of the claim of this respondent.    That work has been performed for the Hebrew Standard, and that some one owes for this labor, there is no dispute, so far as appears from the record; and, this being true, the respondent is entitled to the aid of the court (other means having proved unavailing) to discover the person or persons who are answerable for the debts of the said Hebrew Standard; and the provisions of the statute having been complied with, in the essential details, the order appealed from is affirmed, with $10 costs and disbursements.    All concur.