In re WHITE.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. Discovery—Examination before Commencement of Action.

A statement of facts by an applicant for the examination of a witness before the commencement of an action, showing that it is important that he should know what the witness would testify to, and that he cannot, with safety, bring the action until he is thus advised, does not disclose circumstances rendering it necessary for his protection that the witness' testimony should be perpetuated, as is required by Code Civ. Proc. § 872, subd. 6.

2. Same.

Code Civ. Proc. §§ 871–876, authorizing the taking of depositions of witnesses whose testimony is material in an action about to be brought, does not enable one to take the deposition of a witness to determine whether he has a cause of action against a certain person.

Appeal from special term, New York county.

In the matter of an application of Andrew W. White for the examination of Joel S. De Selding, as a witness, prior to the commencement of an action against Hamilton H. Salmon. An order was made

denying a motion to vacate an order for the examination, and an appeal is taken. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, BARRETT, RUMSEY, and INGRAHAM, JJ.

Edward W. S. Johnston, for appellant.

Franklin Pierce, for respondent.

BARRETT, J. The applicant asserts that his object here is to perpetuate De Selding's testimony, and to use it upon the trial of a contemplated action against Salmon. In this view, he fails to state any circumstances which render it necessary for his protection that the witness' testimony should be perpetuated. This he was required to do by subdivision 6 of section 872 of the Code of Civil Procedure. He states certain facts, which show that it is very important he should know what this witness will testify to, and that he cannot, with safety, bring an action against Salmon until he is thus advised. These, however, are not circumstances which relate to the necessity of perpetuating the witness' testimony, and, as no such circumstances are disclosed, the order for the examination was unauthorized.

It is apparent, however, that the real object of the applicant is not what he thus avows. In fact, his counsel deposes that the witness' testimony is necessary "for the plaintiff in determining whom he shall make defendant in this [contemplated] action." And again: "That a summons cannot be drafted herein, nor a complaint, without finding out who was in possession of said premises [the premises in front of which the applicant was injured] at the time of the alleged injury." The real object of the applicant, therefore, is to ascertain whether he has a cause of action against Salmon. The order should consequently have been vacated—First, because the applicant's purpose is not, as it was in Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333, to examine a person against whom an action is about to be brought, but to examine a witness to ascertain whether he has a cause of action against a particular person, and, if he finds he has, to frame his complaint advisedly against such person. That as we held in Re Anthony, 42 App. Div. 66, 58 N. Y. Supp. 907, is not authorized by sections 871 to 876 of the Code of Civil Procedure. Second, because, as was said in the case last cited, "the proposed defendant must always be definitely, and not tentatively, named in the affidavit, and it must be made to appear that the applicant has a cause of action against such specific person."

The order should be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.