(31 Misc. Rep. 543.)

### In re DARLING.

(Supreme Court, Special Term, Kings County. May, 1900.)

1. DISCOVERY—EXAMINATION OF DEFENDANT BEFORE SUIT BROUGHT.

Under Code Civ. Proc. § 870, authorizing an adverse party to take the deposition of a person whom he expects to make a party to an action, before suit brought, an order may be granted to the plaintiff to examine a person against whom he intends to bring an action to obtain facts necessary to draw his complaint.

2. SAME—AFFIDAVIT—REQUISITES.

Under Code Civ. Proc. § 872, providing that one desiring to take a deposition where no action is pending shall make an affidavit giving the names and addresses of expected parties to the action, that the expected defendants are of full age, and that the testimony sought is material and necessary, where an affidavit failed to state that the expected defendants were of full age, and the affidavit was made by the attorney, and did not disclose why plaintiff did not make it, or that the facts sought were not within his knowledge, leave to take the deposition should have been refused.

Application by Bryant F. Darling for the examination of Samuel F. Randolph preliminary to bringing an action against him. Motion to vacate an order granting the application. Granted.

Motion to vacate an order obtained by the applicant for the examination of Samuel F. Randolph, for the purpose of ascertaining who are the proper persons to make defendants, and also to enable the plaintiff to frame the complaint. The affidavit on which the order was obtained states among other things that the applicant expects to bring an action for damages for personal injuries against the said Randolph, and shows that he needs to examine him in order to ascertain whether he alone was liable, or whether he was acting for others in the matter constituting the negligence upon which the action was to be based.

Kellogg & Rose, for the motion.
Thos. J. Ritch, Jr., opposed.

GAYNOR, J. The objection that one who expects to be a party to an action about to be brought may not examine a person he expects to make an adverse party, for the purpose of ascertaining the persons who should be made parties to the action, or obtaining facts necessary to draw his pleading, is not well taken. Chancery, when a separate court, entertained bills for the discovery of such facts in respect of an expected as well as of an existing action at law; and its jurisdiction passed to the supreme court when the court of chancery was abolished. Const. 1846, art. 6, § 3. Such bills of discovery were thereafter enter-

tained by the supreme court on its equity side. Glenny v. Stedwell, 64 N. Y. 120. Then came the new system of assimilated practice for both actions at law and suits in equity, embracing, among other things, the method of obtaining all such discoveries by an examination under an order made in the action itself, or preceding its commencement, instead of by filing a bill in equity. Code Civ.Proc. § 389 et seq.; Id. § 870 et seq. This method was intended to be, and, well understood, is, a complete and adequate substitute for the former chancery method of discovery in all respects. Whatever obscurity there now is on the subject seems to result in part from the effort at brevity in the Code provisions which were substituted for such chancery practice, and in part from forgetfulness by a new generation of lawyers of the practice which such provisions were substituted for. Section 870 of the present Code allows the deposition "of a person who expects to be a party to an action" to be taken; and while the language of the entire section falls short of specifically saying that it may be taken at the instance of a person who expects to be an adverse party, yet it has been settled that that is its meaning. Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333. And I see no foundation for the effort to construe the Code provisions so as to exclude such an examination before action brought for the purpose of ascertaining the persons who should be made parties, or obtaining facts necessary to draw the complaint. The object was to make the said provisions cover all that could formerly be accomplished by a bill in chancery, and their language is broad enough for that purpose. Why resort to a construction which curtails such purpose? The requirement of section 872 is that the affidavit shall show that the testimony of the person to be examined "is material and necessary for the party making such examination or the prosecution or defense of such action." The context shows that the word "party" includes an expected party, and the words "necessary for the party making such examination," include every necessity, including the necessity for testimony for the purpose of ascertaining who the persons who should be made parties are, and framing the pleading. There is no reason to confine the meaning of such necessity to the purpose of getting testimony for the trial. To do so would so curtail the Code provisions as to exclude an examination of an expected adverse party in order to ascertain who should be made parties, or to get facts necessary to draw a pleading; and instead of any such thing having been intended by their adoption, the intention was to embrace every case where discovery could formerly be had by a bill in equity; and that was one of the cases. It is said in Re Anthony & Co., 42 App. Div. 66, 58 N. Y. Supp. 907, that the proposed adverse parties "must be definitely, and not tentatively," named in the affidavit, and that it must be made to appear that the applicant has a cause of action against such "specific" persons. If this had to govern here it would not permit this order to stand. But it is known to the profession that certain technical decisions in New York county in the matter of examinations before trial and before the action is brought have not been followed in the rest of the state. The decision in Re Weil, 25 App. Div. 173, 49 N. Y. Supp. 133, in this judicial department, may be cited as an illustration, and it is also in point here.

If the code provisions allowed such an examination as is sought here only in cases where the applicant could disclose the "specific". persons against whom his cause of action is, they would be useless, for in such cases he would need no examination to find out who they are.

The affidavit, however, is deficient in not stating as required by section 872 that the persons expected to be made defendants are of full age, and also in that it is made by the attorney, and does not disclose a sufficient reason why the plaintiff does not make it, or that the facts sought are not within his knowledge.

The motion is granted.