ELLETT v. YOUNG et al.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. DEPOSITIONS—DEPOSITION BEFORE TRIAL—ADVERSE PARTY—INFORMATION AS TO PARTIES LIABLE.

Code Civ. Proc. § 870, provides that the deposition of a party to a pending action, or of a person who expects to be a party to an action about to be brought, may be taken at the instance of the adverse party at any time before trial. Section 872 provides that the person desiring to take a deposition may present to a judge of a court in which the action is pending, or, if it is not pending, to a judge of the Supreme Court or to a county judge, an affidavit setting forth, "if no action is pending, the names and residences of the expected parties thereto," that the person expected to be the adverse party is of full age and a resident of the state, and also the circumstances which render it necessary for the protection of the applicant's rights that the testimony should be per-

petuated; and section 876 provides that, on proof that service of a copy of the order and of the affidavit has been duly made, the deposition may be taken. *Held*, that one contemplating bringing an action on a contract is not entitled to examine the one with whom he contracted for the purpose of ascertaining who were the principals for whom the other acted in making the contract.

Appeal from Special Term, New York County.

Application by Tazewell W. Ellett for the examination of John J. McCook and others. From an order denying a motion to vacate an order for such examination, John J. McCook and others appeal. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles W. Pierson, for appellants.
William M. K. Olcott, for respondent.

INGRAHAM, J. The respondent upon this appeal presented an affidavit to one of the Justices of the Supreme Court stating that he was about to commence an action against a certain company, association, or syndicate of persons called or known as the "Canda Syndicate"; that said syndicate was composed of John W. Young, John J. McCook, Irving M. Scott, Lewis Nixon, Charles J. Canda, and other persons, whose names and whereabouts were to deponent unknown. The affidavit then sets forth the nature of the controversy which was to be the subject of said action, alleging that a contract on behalf of the said syndicate was made by John W. Young, by which it was agreed that said Ellett should receive certain securities upon performing certain services therein specified, and that said Ellett performed the contract, and asks for an order directing John J. McCook to appear before a referee, and to testify concerning a certain letter, a copy of which is set forth in the affidavit, signed "Alexander & Green," and to disclose the circumstances and authority under which the same was delivered to said Ellett, and to disclose by his testimony under such examination by whom said John W. Young was authorized, as stated in said letter, to do the things which, under said letter, he is said to be authorized to do, and to state and disclose the names of all persons composing said Canda Syndicate, and their residences, office addresses, and whereabouts, if within his knowledge, and to testify to such other facts as are necessary to be disclosed to enable the said Tazewell Ellett to ascertain the names and whereabouts of any and all members of any company, association, or syndicate who are intended to be referred or considered as the persons for whom said John W. Young was acting. Upon this affidavit an order was granted by which John J. McCook was required to appear before a referee for the purpose of being examined as to the matters and things set forth in said affidavit. Upon this order being served upon McCook, he obtained an order to show cause, returnable at Special Term, why this order should not be vacated. That motion was denied, and from the order denying it McCook appeals.

No action has been commenced against either Young or McCook, and the substance of this application is that the applicant, having a

cause of action against Young, who, he believes, was acting for others, desires to examine one of the persons for whom it is alleged Young was acting, to find out who were Young's principals, and whom it is that is liable to him under his contract with Young; and the question presented is whether such an examination is authorized by any provision of the Code of Civil Procedure. The taking of a deposition is regulated by the Code of Civil Procedure. Section 870 provides that:

"The deposition of a party to an action pending in a court of record or of a person who expects to be a party to an action about to be brought in such a court, * * * may be taken at his own instance or at the instance of an adverse party or of a co-plaintiff or co-defendant at any time before the trial as prescribed in this article."

Section 872 provides that:

"The person desiring to take a deposition as prescribed in this article, may present to a judge of the court in which the action is pending; * * * or, if an action is not pending, but is expected to be brought, to a judge of the Supreme Court, or to a county judge, an affidavit setting forth as follows: * * * Subd. 6. If no action is pending, that the person expected to be the adverse party is of full age and a resident of the state, or sojourning within the state; * * * also the circumstances which render it necessary for the protection of the applicant's rights, that the witness' testimony should be perpetuated."

And section 876 provides that:

"Upon proof, by affidavit, that service of a copy of the order and of the affidavit has been duly made, as directed in the order, the judge or the referee must proceed to take the deposition of the witness, at the time and place specified in the order. * * * Sections eight hundred and fifty-six, eight hundred and fifty-seven and eight hundred and fifty-eight of this act apply to the examination of a party or a person expected to be an adverse party, taken as prescribed in this article."

These sections relate to the punishment of a witness for refusing to appear and testify, or to answer proper questions. It follows from section 872 that, to justify the examination of a person who is expected to be an adverse party, when no action is pending, the affidavit must show the circumstances which render it necessary for the protection of the appellant's rights that the witness' testimony shall be perpetuated; and that, in the absence of such facts appearing by affidavit, a person who is to be an adverse party cannot be examined until after the action is commenced. The Code recognizes the right of a party to an action to compel the adverse party to appear and submit to an examination before the service of the complaint, where it is necessary to enable the plaintiff to frame a complaint, or, after the case is at issue, where the deposition of the adverse party is necessary for use upon the trial of the issue raised upon the pleading; but before an action is commenced it certainly has never been held that a person claiming to have a cause of action is entitled to examine all of the persons whom he expects to make parties to the action, to ascertain against whom he has an action. An examination to ascertain whether or not a person has a cause of action against persons not named is certainly not contemplated by any provision of the Code with which I am acquainted.

It is sought to sustain this order by the Merchants' National Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333. That was an appeal from an order requiring a person to appear and submit to an examination, and the court say:

"The question presented is whether this section authorizes an order for the examination of a person against whom an action is about to be brought upon the application of the person who is about to bring such action, but before it has been actually commenced."

And the court, after considering sections 870 and 876 of the Code, say:

"On the whole we are of opinion that the order issued in this case, on the application of the bank, for the examination of Sheehan, against whom the bank was about to commence an action, was authorized, and that he was in contempt for disobeying it. The bank might have commenced its action, and then have procured an order for the examination of the defendant. The granting of an order, in such a case as this, before suit brought, upon the application of the proposed plaintiff, is within the discretion of the court, but it can rarely happen that justice will be promoted by granting an order on the application of a proposed plaintiff, before the commencement of an action; and the practice, unless carefully guarded, may lead to great abuses."

The court's attention was not called to the provision of subdivision 6 of section 872, which would seem to limit the application for the examination of a person expected to be an adverse party, when no action is pending, to a case where proof is made of circumstances which render it necessary for the protection of the applicant's rights that the witness' testimony should be perpetuated; and it seems to me that this provision, taken in connection with sections 870 and 876, clearly limits the right to the examination of a person expected to be an adverse party, when no action has been brought, to a case where such an examination is necessary to perpetuate the testimony of the witness; and there is nothing in the case of Merchants' Nat. Bank v. Sheehan opposed to this view.

This construction of subdivision 6 of section 872 is, I think, confirmed by the other provisions of the section. Thus, by subdivision 1 of that section the person desiring to take the deposition must present an affidavit setting forth, "if no action is pending, the names and residences of the expected parties thereto." The affidavit in this case expressly fails to comply with this provision, as the examination is sought for the purpose of ascertaining whom it is the plaintiff is to sue. In Matter of Anthony & Co., 42 App. Div. 66, 58 N. Y. Supp. 907, this construction was given to these sections of the Code. The court, after citing with approval Matter of Bryan, 3 Abb. N. C. 289, which held that a witness cannot be examined under sections 871 and 876 of the Code of Civil Procedure for the purpose of enabling a plaintiff to frame a complaint in an action which he has not yet commenced, said:

"Under such circumstances the testimony of a witness may undoubtedly be perpetuated. The applicant here asserts that the application is made to preserve the witness' testimony as well as to enable it to fran. its complaint. But plainly the latter is the real purpose."

And after examining the affidavit upon which the order has been applied said:

"So far as these persons and this corporation are concerned, it needs no examination to enable it to frame its complaint. So far, however, as the manufacturing company is concerned, it states only its suspicions, or facts indicating the mere possibility of a cause of action. As to this latter company, it seeks the examination, not to enable it to frame its complaint, but to ascertain whether it has any cause of complaint. It is well settled that this cannot be done, either before or after the commencement of an action."

This case was followed by Matter of White, 44 App. Div. 119, 60 N. Y. Supp. 702, where Mr. Justice Barrett said:

"The applicant asserts that his object here is to perpetuate De Selding's testimony, and to use it upon the trial of a contemplated action against Solomon. In this view he fails to state any circumstances which render it necessary for his protection that the witness' testimony should be perpetuated. This he was required to do by subdivision 6 of section 872 of the Code of Civil Procedure. He states certain facts which show that it is very important he should know what this witness will testify to, and that he cannot with safety bring an action against Solomon until he is thus advised. These, however, are not circumstances which relate to the necessity of perpetuating the witness' testimony, and, as no such circumstances are disclosed, the order for the examination was unauthorized. It is apparent, however, that the real object of the applicant is not what he thus avows. In fact, his counsel deposes that the witness' testimony is necessary 'for the plaintiff in determining whom he shall make party defendant in his (contemplated) action.' And again: 'That a summons cannot be drafted herein, nor a complaint, without finding out who was in possession of said premises (the premises in front of which the applicant was injured) at the time of the alleged injury.' The real object of the applicant, therefore, is to ascertain whether he has a cause of action against Solomon. The order should consequently have been vacated, * * * because, as was said in the case last cited, 'the proposed defendant must be definitely, and not tentatively, named in the affidavit (Code Civ. Proc. § 872); and that it must also be made to appear that the applicant has a cause of action against such specific person.'"

These cases were followed in the Matter of Schoeller, 74 App. Div. 347, 77 N. Y. Supp. 614, where we held that, where the purpose of the examination is to ascertain the corporation against whom the plaintiff had a cause of action, an examination cannot be had.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the order for the examination vacated, with $10 costs.

O'BRIEN, McLAUGHLIN, and LAUGHLIN, JJ., concur. HATCH, J., concurs in result.