### In re SCHLOTTERER et al.

(Supreme Court, Appellate Division, Second Department. May 12, 1905.)

1. DISCOVERY—PENDENCY OF ACTION—PERPETUATION OF TESTIMONY.

Under Code Civ. Proc. § 870 et seq., providing that the affidavit accompanying the application for an order for the taking of depositions shall, if no action is pending, state the circumstances rendering it necessary that the witness' testimony should be perpetuated, and that the judge, unless he believes that an action will be brought and that the application is made in good faith to preserve testimony, dismiss the application, an examination of a party before action brought can only be had for the purpose of perpetuating testimony, and not for the purpose of enabling the applicant to frame a complaint in an action which he expects to bring.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, § 50.]

2. SAME—VACATION OF ORDER.

An order for the examination of certain persons, made by a judge, may be vacated on application to the Special Term by virtue of Code Civ. Proc. § 772, providing that, unless an order of a judge grants provisional remedy, it may be vacated without notice by such judge, or on notice by him or by the court.

Appeal from Special Term.

Application by Louisa Schlotterer, an infant, for an order to examine the Brooklyn & New York Ferry Company and another. From an order granting an examination, the ferry companies appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and MILLER, JJ.

Augustus Van Wyck, for appellants.
Alfred E. Sander, for respondent.

MILLER, J.  The respondent has obtained an order for the examination of two corporations, for the purpose of enabling her to frame a complaint in an action which she alleges she is about to bring against said corporations, and, from the order of the Special Term denying the motion to vacate said order, this appeal is taken.

No claim is made that the examination is desired for the purpose of perpetuating testimony, and the appellants insist that section 870 et seq. of the Code of Civil Procedure do not authorize the examination of a party before action brought, except for the sole purpose of perpetuating testimony.  Section 872 provides what must be shown by the person desiring to take a deposition to entitle him to such an order.  Subdivision 6 provides:

"If no action is pending, that the person expected to be the adverse party is of full age and a resident of the state," etc., "* * * also the circumstances which render it necessary for the protection of the applicant's rights, that the witness's testimony should be perpetuated."

Section 873 provides:

"The judge to whom such an affidavit is presented must grant an order for the examination, if an action is pending; if no action is pending he must grant it if there be reasonable ground to believe that an action will be brought, as stated in the affidavit, and that the application is made in good faith to preserve the expected testimony; otherwise he must dismiss the application."

These provisions seem to be so clear as to leave no room for construction, and they apply to the proposed examination of both an expected party and a witness not a party.  The respondent cites cases in which an examination of an expected party appears to have been ordered before the service of the summons for the sole purpose of enabling the plaintiff to frame a complaint, but in none of those cases was the question here presented raised or considered by the court, it apparently having been assumed by counsel that such an examination could be had either before or after service of summons.  The appellants cite two cases (In re Morris v. Matthews, 19 Wkly. Dig. 375, decided by the General Term of the First Department in 1884, and Matter of Ketchum's Application, 60 How. Prac. 154, decided by the Special Term of the New York Common Pleas in 1880) in which it was held that, in order to obtain the examination of an expected party before action brought, the applicant must state the facts showing the necessity of taking the examination in order to perpetuate the testimony.  The case of Merchants' National Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333, simply construed the phrase of section 870, "or of a person who expects to be a party to an action about to be brought," holding that that section authorized the examination of such a party upon the application of the adverse party as well as upon his own application, the court, however, saying:

"The granting of an order in such a case as this, before suit brought, upon the application of the proposed plaintiff, is within the discretion of the court;

but it can rarely happen that justice will be promoted by granting an order, on the application of a proposed plaintiff, before the commencement of an action, and the practice, unless carefully guarded, may lead to great abuses."

The question here involved as to the purpose for which such an examination could be had was not presented to or considered by the court. In the case of Glenney v. Stedwell, 64 N. Y. 120, in which the court held that a party could be examined upon the application of an adverse party for the purpose of obtaining facts on which to frame a complaint, the application was made in a pending action, pursuant to section 389 et seq. of the Code of Procedure. It will be observed that neither the provisions of the Code of Procedure respecting the examination of parties, nor the provisions of the Revised Statutes (1st Ed.) article 5, tit. 3, c. 7, pt. 3, respecting the examination of witnesses, specified all the requirements necessary to be stated in the affidavit of the applicant, now contained in section 872 of the Code of Civil Procedure, and these additional provisions of section 872 were undoubtedly designed as safeguards to prevent the possible abuses referred to by the court in Merchants' National Bank v. Sheehan, supra. It is also to be observed that the examination of a party provided for by the Code of Procedure only authorized an examination in a pending action. The provisions of the Code of Procedure relative to the examination of a party, and of the Revised Statutes relative to the perpetuation of the testimony of a witness, were incorporated in article 1, tit. 3, c. 9, of the Code of Civil Procedure, enacted in 1876. Section 870, as originally enacted, only provided for the deposition of a party to a pending action. This section was amended by chapter 299, p. 389, of the Laws of 1878, by providing for the examination of a party to an action about to be brought, and sections 872 and 873 were further amended by chapter 542, pp. 609, 610, of the Laws of 1879, by incorporating among other additional provisions the sentences quoted (supra), since which time no change has been made in these sections of the Code material to the question now under consideration. It is clear, therefore, that the purpose of the amendment of 1879 in the respects alluded to was to limit the examination of an expected party to a case where such examination was sought for the purpose of perpetuating testimony. If this construction of the Code provisions according to the obvious meaning of the language employed, re-enforced as it is by the history of the legislation, needs further confirmation, it may be found in the absence from subdivision 6 of section 872 of the last sentence of subdivision 5, "But this subdivision does not apply to a case where the person to be examined is a party to the action," which shows an unmistakable intent to apply the same rule to a proposed examination of an expected party as to that of a witness if no action is pending, and an entirely different rule if an action is pending. The right to such an examination being purely statutory (Heishon v. Knickerbocker Life Insurance Co., 77 N. Y. 278), we should not by construction give plain and unambiguous language an unwarranted meaning. Had the application been made after service of summons, the question would be presented whether the moving

papers complied with the requirements of subdivisions 1, 2, 4, and 7, and whether the affidavits presented on the application show that the applicant has in her possession all of the facts necessary to enable her to set forth in her proposed complaint all the allegations appropriate to the action proposed to be brought; but having reached the conclusion that an examination of a party before action brought can only be had for the purpose of perpetuating testimony, it is unnecessary to consider the other questions presented by the appellants.

The respondent insists that as the order for examination can only be made by a judge, the Special Term did not have jurisdiction to vacate the order. The practice of moving on notice at Special Term to vacate the order was proper. Section 772, Code Civ. Proc.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate granted, with costs. All concur.