In the Matter of the Application of LOUISA SCHLOTTERER, an Infant, Through Her Guardian ad Litem, MARGARET SCHLOTTERER, Respondent, for an Order to Examine the BROOKLYN AND NEW YORK FERRY COMPANY and the BROOKLYN FERRY COMPANY OF NEW YORK, Appellants, in an Action to Be Brought by Taking the Deposition of JOSEPH J. O'DONOHUE, JR., the President and a Director of Both Companies, and to Have Certain Books of the Said Companies Produced upon Said Examination for the Use of the Said Witness.

*Examination of a proposed party to an action not yet begun — it can only be made to perpetuate his testimony, not to frame the complaint — an order of a judge may be vacated by the Special Term.*

Sections 870 *et seq.* of the Code of Civil Procedure do not authorize the examination of a proposed party to an action not yet begun, except for the sole purpose of perpetuating the testimony of such proposed party. Such an examination cannot, therefore, be ordered for the purpose of enabling the applicant to frame the complaint in the proposed action.

Where a judge, assuming to act under sections 870 *et seq.* of the Code of Civil Procedure, makes an order not authorized by those sections, the practice of moving on notice at Special Term to vacate such order is proper.

APPEAL by the Brooklyn and New York Ferry Company and another from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 17th day of March, 1905, denying the appellants' motion to vacate an order theretofore granted in the proceeding for their examination for the purpose of enabling the petitioner to frame a complaint in an action against the said corporations.

*Augustus Van Wyck* [*John Delahunty* with him on the brief], for the appellants.

*Alfred E. Sander*, for the respondent.

MILLER, J.:

The respondent has obtained an order for the examination of two corporations for the purpose of enabling her to frame a complaint in an action which she alleges she is about to bring against said corporations, and from the order of the Special Term denying the motion to vacate said order this appeal is taken. No claim is made that the examination is desired for the purpose of perpetuating testimony, and the appellants insist that section 870 *et seq.* of the Code of Civil Procedure do not authorize the examination of a party before action brought except for the sole purpose of perpetuating testimony. Section 872 provides what must be shown by the person desiring to take a deposition to entitle him to such an order. Subdivision 6 of said section provides: "If no action is pending, that the person expected to be the adverse party is of full age, and a resident of the State, * * * also the circumstances which render it necessary for the protection of the applicant's rights, that the witness' testimony should be perpetuated." Section 873 provides: "The judge to whom such an affidavit is presented must grant an order for the examination, if an action is pending; if no action is pending he must grant it if there be reasonable ground to believe that an action will be brought, as stated in the affidavit, and that the application is made in good faith to preserve the expected testimony; otherwise he must dismiss the application." These provisions seem to be so clear as to leave no room for construction, and they apply to the proposed examination of both an expected party and a witness not a party. The respondent cites cases in which an examination of an expected party appears to have been ordered before the service of the summons for the sole purpose of enabling the plaintiff to frame a complaint, but in none of those cases was the question here presented raised or considered by the court, it apparently having been assumed by counsel that such an examination could be had either before or after service of summons. The appellants cite two cases (*Matter of Morris* v. *Matthews*, 19

Wkly. Dig. 375, decided by the General Term of the Supreme Court in the first department in 1884, and *Matter of Ketchum's Application*, 60 How. Pr. 154, decided by the Special Term of the New York Common Pleas in 1880) in which it was held that in order to obtain the examination of an expected party before action brought, the applicant must state the facts showing the necessity of taking the examination in order to perpetuate the testimony. The case of *Merchants' National Bank* v. *Sheehan* (101 N. Y. 176) simply construed the phrase of section 870, "or of a person who expects to be a party to an action about to be brought," holding that that section authorized the examination of such a party upon the application of the adverse party as well as upon his own application, the court, however, saying: "The granting of an order in such a case as this, before suit brought, upon the application of the proposed plaintiff, is within the discretion of the court, but it can rarely happen that justice will be promoted by granting an order on the application of a proposed plaintiff before the commencement of an action, and the practice, unless carefully guarded, may lead to great abuses." The question here involved as to the purpose for which such an examination could be had was not presented to or considered by the court. In the case of *Glenney* v. *Stedwell* (64 N. Y. 120), in which the court held that a party could be examined upon the application of an adverse party for the purpose of obtaining facts on which to frame a complaint, the application was made in a pending action, pursuant to section 389 *et seq.* of the Code of Procedure. It will be observed that neither said provisions of the Code of Procedure respecting the examination of parties, nor the provisions of the Revised Statutes (Pt. 3, chap. 7, tit. 3, art. 5 ; 2 R. S. 398, § 33 *et seq.*) respecting the examination of witnesses, specified all the requirements necessary to be stated in the affidavit of the applicant, now contained in section 872 of the Code of Civil Procedure, and these additional provisions of section 872 of the Code of Civil Procedure were undoubtedly designed as safeguards to prevent the possible abuses referred to by the court in *Merchants' National Bank* v. *Sheehan* (*supra*). It is also to be observed that the examination of a party provided for by the Code of Procedure only authorized an examination in a pending action. The provisions of the Code of Procedure relative to the examination of a

party, and of the Revised Statutes relative to the perpetuation of the testimony of a witness, were incorporated in article 1 of title 3 of chapter 9 of the Code of Civil Procedure, enacted in 1876. (See Laws of 1876, chap. 448.) Section 870 of said Code, as originally enacted, only provided for the deposition of a party to a pending action. This section was amended by chapter 299 of the Laws of 1878, by providing for the examination of a party to an action about to be brought, and sections 872 and 873 were amended by chapter 542 of the Laws of 1879, by incorporating among other additional provisions the sentences quoted (*supra*), since which time no change has been made in these sections of the Code of Civil Procedure material to the question now under consideration. It is clear, therefore, that the purpose of the amendment of 1879, in the respects alluded to, was to limit the examination of an expected party to a case where such examination was sought for the purpose of perpetuating testimony. If this construction of the Code provisions according to the obvious meaning of the language employed, reinforced as it is by the history of the legislation, needs further confirmation, it may be found in the absence from subdivision 6 of section 872 of the Code of Civil Procedure of the last sentence of subdivision 5 of said section: viz., "But this subdivision does not apply to a case where the person to be examined is a party to the action," which shows an unmistakable intent to apply the same rule to a proposed examination of an expected party as to that of a witness if no action is pending, and an entirely different rule if an action is pending. The right to such an examination being purely statutory (*Heishon* v. *Knickerbocker Life Insurance Co.*, 77 N. Y. 278), we should not by construction give plain and unambiguous language an unwarranted meaning. Had the application been made after service of summons, the question would be presented whether the moving papers complied with the requirements of subdivisions 1, 2, 4 and 7 of section 872 of the Code of Civil Procedure, and whether the affidavits presented on the application show that the applicant has in her possession all of the facts necessary to enable her to set forth in her proposed complaint all the allegations appropriate to the action proposed to be brought, but having reached the conclusion that an examination of a party before action brought can only be had for

the purpose of perpetuating testimony, it is unnecessary to consider the other questions presented by the appellants.

The respondent insists that as the order for examination can only be made by a judge, the Special Term did not have jurisdiction to vacate the order. The practice of moving on notice at Special Term to vacate the order was proper. (Code Civ. Proc. § 772.)

The order should be reversed, with ten dollars costs and disbursements, and the motion to vacate granted, with costs.

Hirschberg, P. J., Bartlett, Woodward and Jenks, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with costs.