### In re BESCH.

(Supreme Court, Special Term, Albany County. March, 1910.)

1. DISCOVERY (§ 36*)—STATUTORY PROVISIONS—GROUNDS AND PURPOSES OF EXAMINATION.

Code Civ. Proc. §§ 870, 872, authorizing the deposition of a person, who expects to be a party to an action to be brought, to be taken at the instance of the adverse party, etc., authorize the examination of a proposed party before the commencement of the action, to ascertain whether a cause of action exists against other persons, and to ascertain who to make defendants.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

2. DISCOVERY (§ 36*)—EXAMINATION BEFORE TRIAL—PERPETUATING TESTIMONY.

Under Code Civ. Proc. § 872, subd. 6, providing that the affidavit for the examination of a proposed party at the instance of the adverse party must set forth the circumstances requiring the perpetuation of the testimony, etc., a proposed party may be examined before the commencement of the action, for the purpose of perpetuating his testimony.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

Application by Joseph Besch for the examination of Horatio M. Pollock as a witness in an expected action. On motion to vacate the order directing the examination. Denied.

Frost, Daring & Warner (J. S. Frost, of counsel), for applicant.
Walter E. Ward, for respondent.

CHESTER, J. The respondent moves to vacate an order, heretofore granted, requiring him to appear before a referee for examination as a witness in an action about to be brought. In the order it is recited that an action is about to be brought against him, and that his examination is to preserve his testimony, and to ascertain the name

or names of the remaining proper persons to be made defendants in the action. In the affidavit made by the applicant, upon which the order is based, it appears that the proposed action is one for libel for having delivered to one Bates, a representative of the Albany Evening Journal, a copy of a letter addressed to the Governor of the state, falsely charging the applicant with conducting a gambling house in the city of Albany, in violation of law. The letter appears to have been written upon the letter head of the "Civic League of Albany," upon which the respondent's name appears as general secretary, and where the names of the officers and executive committee of the league are also named. The affidavit recites that an action is about to be brought by the applicant against "the Civic League of Albany, or against such person or persons as may be shown to have composed and published, or to have assisted, promoted, authorized, or ratified the composition or publication of, a certain false and defamatory letter," a copy of which is attached, and which is the letter in question. The affidavit also contains the following allegations:

"That said the Civic League of Albany is, as deponent is informed, an unincorporated association doing business under said name or style in the county of Albany, N. Y.; that deponent does not know, and has no way of ascertaining, whether the said composition or publication was the duly authorized act of said association, whereby its several members became jointly liable therefor, or whether the said composition and publication was the individual act of one or more of its officers or members, or whether such composition and publication was in furtherance of the joint acts of certain members or officers of said association assembled together, but without power or authority to bind the said association and its membership other than the individuals participating therein; that no action arising from the said facts has yet been commenced, but that an action is about to be brought thereon, as aforesaid, against said Pollock, or against said Pollock and such other person or persons or associations as may be shown properly to be made defendants therein; that the testimony of said Horatio M. Pollock is necessary and material to deponent, in order that deponent may determine as to the remaining proper parties and true names of the proper parties to be made defendants in said action; that he does not know, and has no means of ascertaining, the same, as aforesaid; and that a discovery thereof is necessary to enable deponent to frame the complaint in said action so to be brought, and to make the proper parties defendants therein, as aforesaid, and to prosecute the said action, and to prove the facts material and necessary to be proven upon the trial thereof, and to perpetuate the testimony so to be taken."

Section 870 of the Code of Civil Procedure authorizes the deposition of a person who expects to be a party to an action about to be brought to be taken at the instance of an adverse party. Under this section it has been held that an examination is authorized, before the commencement of an action, of the person against whom it is to be brought, upon the application of the person who is about to bring it. Merchants' National Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333.

The respondent urges that the Code of Civil Procedure (sections 870 and 872) does not authorize his examination to ascertain if a cause of action exists against other parties, nor to ascertain who to make defendants, nor for the purpose of framing a complaint. It must be conceded that, if the proposed examination of the respondent was to be had in the First Department, the authorities there sustain his contention. Matter of Anthony, 42 App. Div. 66, 58 N. Y. Supp. 907;

Matter of White, 44 App. Div. 119, 60 N. Y. Supp. 702; Matter of Schoeller, 74 App. Div. 347, 77 N. Y. Supp. 614; Ellett v. Younge, 95 App. Div. 417, 88 N. Y. Supp. 661; Matter of Schlotterer, 105 App. Div. 115, 93 N. Y. Supp. 895. The cases cited, however, place a very strict and illiberal construction upon the provisions of the Code of Civil Procedure referred to, and have not been followed in other parts of the state. It was said by Judge Gaynor, in Matter of Darling, 31 Misc. Rep. 543, 545, 64 N. Y. Supp. 793, 794:

"It is known to the profession that certain technical decisions in New York county in the matter of examinations before trial and before the action is brought have not been followed in the rest of the state."

In that case the court held that the examination was authorized for the purpose of ascertaining the persons who should be made parties, or for obtaining facts necessary to frame the complaint, and that the provisions of the Code were a substitution for the old chancery bill of discovery, where substantially the same procedure was followed. The Appellate Division in the Second Department also sustained an order for examination, before suit was brought, for the purpose of ascertaining who was a proper party. Matter of Weil, 25 App. Div. 173, 49 N. Y. Supp. 133.

The matter seems to have been set at rest, so far as this department is concerned, by a decision which I am bound to follow, where it was held in a well-considered opinion by Judge Herrick, which was concurred in by all the members of the General Term, that the examination of a proposed party, before the commencement of an action, to ascertain the proper parties to be made defendants, was proper. Matter of the Application of Nolan, 70 Hun, 536, 24 N. Y. Supp. 238.

There is still another reason why the order should not be vacated, and that is that the moving papers indicate that the respondent is to be made a defendant in the proposed action, and one purpose of the examination stated in the order and in the affidavit is to perpetuate his testimony. That ground is expressly authorized by the Code of Civil Procedure (section 872, subd. 6), and so far as I know the propriety of an examination for that purpose is recognized by all of the authorities, including those in the First Department.

The motion should be denied, with $10 costs.