THE STATE OF NEVADA, on the Relation of
MYRTA C. ALLEN, an Incompetent Person, by
and Through Her Guardian, MERLE A. GUTH-
RIE, Relator, *v.* THE SECOND JUDICIAL DIS-
TRICT COURT OF THE STATE OF NEVADA,
In and for the County of Washoe, Dept. No. 1
Thereof, and the HON. JOHN S. BELFORD,
Judge Thereof.

No. 3702

June 26, 1952.                           245 P.2d 999.

*Royal A. Stewart,* of Reno, for Relator.

*Bert Goldwater,* of Reno, for Respondents.

## OPINION

By the Court, EATHER, J.:

Petitioner seeks a writ of mandamus to compel the
respondent court to perpetuate the testimony of an insur-

ance company officer or agent and two persons alleged to be insured.

Petitioner applied to the court below to obtain an order for examination of witnesses and for subpoena duces tecum for Stanley Hyman, agent for Farmers Insurance Exchange and Truck Insurance Exchange, Adolph Stank and Edwin A. Stank. She alleged that she expected to be a party to an action in which she expected the insurance companies and the named individuals would be adverse parties. The action was expected for the reason that petitioner, as plaintiff, had commenced suit against Adolph Stank and Edwin A. Stank for damages on account of personal injuries received in an automobile accident in which accident Edwin A. Stank was driving an automobile registered in the name of Adolph Stank and covered by a policy or policies with the named insurance companies. Petitioner further alleged to the court below: "That as soon as your petitioner recovers a judgment against Edwin A. Stank and Adolph Stank in said pending action, your petitioner intends to bring suit on said policies of insurance against the Truck Insurance Exchange and the Farmers Insurance Exchange and each of them; Edwin A. Stank and Adolph Stank will be joined as parties defendant in said suit." Petitioner further alleged that the proposed parties had knowledge, information and documents which would be necessary and material evidence in the expected action and that she intended to prove by testimony sought to be adduced that Edwin A. Stank and Adolph Stank are in fact insured.

The district judge then presiding[1] ordered the examination and directed the clerk to issue the subpoenas prayed for and the same were issued and served upon Stanley Hyman, Adolph Stank and Edwin A. Stank. These last-named persons moved to quash the subpoenas

[1]Honorable Wm. McKnight was presiding in Department 1 of the Second judicial district court but retired during the pendency of this case; the parties stipulated to substitute Honorable John S. Belford as respondent, the latter being appointed by the governor to the vacancy created.

duces tecum upon the grounds, among others, that petitioner sought evidence, otherwise inadmissible, bearing upon the pending action and that the expected action was too remote to justify a need for perpetuating testimony. The lower court granted the motion and quashed the subpoenas.

The real issue before this court is now: Does a party injured in an automobile accident have the right to obtain information regarding the policy of insurance of the person allegedly causing the injuries, by a proceeding to perpetuate testimony in which the injured person alleges that he expects to be a party to an action against the insured and insurer as soon as he recovers a judgment against the insured in a personal injury action then pending?

This case is one of first impression in this court, and must be determined in accordance with our conception of the meaning of our applicable statutes with due regard to the decisions of other courts construing similar provisions. The statutes to which we are about to refer are found unchanged in Nevada Compiled Laws of 1929; Revised Laws of Nevada, 1912; Cutting's Compiled Laws of Nevada, 1900; General Statutes of Nevada, 1885; and Compiled Laws of Nevada, 1873. Despite such antiquity no case has ever reached this court indicating an attempt of an expectant plaintiff to take the deposition of an insurance company officer or agent as expectant defendant for use in a contemplated action against such company after the expectant plaintiff shall have obtained an expected judgment against the insurance company's insured.

The proceedings in the lower court were brought pursuant to secs. 9011–9014,. N.C.L.1929. The pertinent sections with which we are concerned provide:

"§9011. The testimony of a witness may be taken and perpetuated as provided in this chapter.

"§9012. The applicant shall present to a district judge a petition verified by the oath of the applicant, stating:

"1. That the applicant expects to be a party to an action in a court in this state, and, in such case, the name or names of the person or persons whom he expects will be adverse parties; or

"2. That the proof of some fact or facts is necessary to perfect the title to property in which he is interested, or to establish marriage, descent, heirship, or any other matter which it may hereafter become material to establish, though no suit may at the time be anticipated, or, if anticipated, he may not know the parties to such suit; and

"3. The name of the witness to be examined and his place of residence, and a general outline of the facts expected to be proved.

"§9013. The judge to whom such petition is presented shall make an order allowing the examination before any judge of a court of record, and prescribing the notice to be given, which notice, if the parties are known and reside in this state, shall be personally served on them, and if unknown, or nonresidents, such notice shall be served on the clerk of the county where the property to be affected by such testimony is situated, and a copy thereof published in some newspaper, to be designated by the judge making the order.

"§9014. Upon proof of the service of the notice as provided in the last section, it shall be the duty of the judge before whom the testimony is ordered to be taken to proceed to take the testimony of the witnesses named in said petition, upon the facts therein set forth, and the taking of the same may be continued from time to time, in the discretion of the judge.

"§9017. If the trial be had between the persons named in the petition as parties expectant, or their successors in interest, or between any parties wherein it may be material to establish the facts which such testimony proves or tends to prove, upon proof of the death or insanity of the witness, or of his inability to attend the trial by reason of age, sickness, or settled infirmity, the testimony, or certified copies thereof, may be used

by either party, subject to all legal objections. But if the parties attend at the examination, no objection to the form of an interrogatory shall be made at the trial unless the same was stated at the examination."

Perpetuation of testimony, traditionally and historically, is a branch of the auxiliary jurisdiction of the equity courts, provided to overcome defects in the common-law procedure and accomplished by the bringing of separate suits in equity in aid of the principal common-law action. The first auxiliary branch was that of the suit for discovery against the adverse common-law party. The second was that of taking of testimony of witnesses in advance of trial, divided into suits for the taking of testimony *de bene esse*, in aid of a pending action, and suits to perpetuate testimony, in aid of a contemplated action. See: 1 Pomeroy's Equity Jurisprudence, 279, secs. 190, 190a. Thus, historically a distinction was recognized between a bill of discovery against the adverse party and a suit to take testimony of a witness not a party to the action.

The auxiliary jurisdiction of the equity courts has uniformly been made the subject of statute in the several states and in most instances the proceedings and requirements have been simplified. However, the use of the language (as in our statute), "The testimony of a witness may be taken," has led some courts in the light of historical background, to hold that the examination of parties (being the subject of discovery) is not permitted under a perpetuation of testimony statute. Winter v. Elmore, 88 Ala. 555, 7 So. 250. Certainly it may well be argued that the legislature had in mind the perpetuation of testimony and not discovery.

It is, however, more generally held that the broad scope of statutes such as ours does contemplate discovery as well as perpetuation of testimony and does thereby supplement the discovery statutes which by their terms are ordinarily limited to pending actions, and, in that respect, are narrower in their scope than the equity

bill.   In re Darling, 31 Misc. 543, 64 N.Y.S. 793, 794; See: 3 Stanford Law review, p. 530, April 1951.

It is, however, also generally recognized that notwithstanding the extremely broad scope of such statutes as ours, the discovery aspect of such statutes must be construed with limitations, for one may not pry into the business and personal affairs of another without good reason.   Thus it is stated in In re Darling, supra, that the purpose of such legislation was "to embrace every case where discovery could formerly be had by a bill in equity."   The principal determination, thus has become that of whether the applicant has a "discoverable interest" in the subject of the interrogation or examination. Superior Ins. Co. v. Superior Court, 37 Cal.2d 749, 235 P.2d 833, 835.

While the equitable bill of discovery was not confined in its application to pending actions, it was generally limited to instances where a *cause of action* was "pending or imminent."   1 Pomeroy's Equity Jurisprudence, 229, sec. 197b.   "As the first requisite, the plaintiff in the equity suit for discovery must show that he has a title or interest in the subject-matter to which the proposed discovery relates, such an interest as he can maintain or defend in a proceeding pending or to be brought in another tribunal, and must thus show that he is entitled to the discovery.   A mere stranger is never allowed to maintain a suit for discovery concerning a subject-matter in which he has no interest enforceable by a judicial proceeding, or concerning the title or estate of a third person."   Ibid. 302, sec. 198.

It is contended by the respondent that appellant has no discoverable interest in the policy of insurance which is the subject of the proposed examination.   Appellant contends that the case of Superior Ins. Co. v. Superior Court, supra, decided under a perpetuation of testimony statute similar to ours, is decisive of the point.   The circumstances surrounding the desired perpetuation of testimony in that case were the same as are before us.   The

court there held that the applicant had a discoverable interest in the insurance policy. The California rule is based upon an insurance statute of that state. Under section 11580 of the insurance code of California as amended (Statutes of California, 1949, chap. 1380, par. 8), a policy of insurance must carry:

"A provision that whenever judgment is secured against the insured or the executor or administrator of a deceased insured, in an action brought by the injured person or by his personal representatives, in the case of an action for personal injuries, or in an action brought by the heirs or personal representatives of the deceased, in the case of an action for wrongful death, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment."

In response to the argument in the Superior Ins. Co. case that to allow the perpetuation of testimony would violate the sanctity of private contracts, the court said:

"A sufficient answer to such contention is found in the fact *that an automobile liability policy evidences 'a contractual relation created by statute* which inured to the benefit of any and every person who might be negligently injured by the assured as completely as if such injured person had been specifically named in the policy,' i.e. a *contractual relation* is *'created between the insurer and third parties.'* (Malmgren v. Southwestern A. Ins. Co., (1927) 201 Cal. 29, 33, 255 P. 512; See Abrams v. American Fidelity & Cas. Co. (1948) 32 Cal. 2d 233, 234, 195 P. 2d. 797; Ins Code § 11580, 2 Cal. Jur. 10-yr. Supp. 145 and cases there cited.)" (Italics added.)

Nevada has no such insurance statute as California's. While Nevada has a financial responsibility law (See motor vehicle safety-responsibility act of 1949, chap. 127, page 198, Stats. of Nev. 1949), such statute merely provides for a bond, or insurance policy in lieu of a bond, *as security* for any judgment or judgments for damages, which judgments must first be obtained before resort may be had to the security.

Security for the payment of a claim by the person responsible for the damage is a far different thing from an existent direct contractual obligation for such payment. It is true that in California that contractual obligation may not be enforced until judgment has first been secured against the person responsible. This, however, does not detract from the fact that at the time of an accident an injured person has a right against the insurance company identical with that against the responsible party, subject only to its establishment by judgment. The injured party, then, has an actual interest in the policy of insurance identical in scope with his cause of action against the responsible party. He is not a mere stranger to the policy, curious to ascertain the extent to which the responsible party may have protected himself beyond the security requirements of our law. This clear distinction (which is emphasized by the stress placed by the California court upon its particular statutory provisions) renders the Superior Insurance Company case inapplicable. The dissenting opinion in that case rather than the majority must be held to state the proper rule in this state. There it is said:

"The conclusion that an injured person has a 'discoverable interest' in the contract insuring the liability of the tort feasor whenever an action is pending against the named insured, misconceives the relationship of the parties. The demand of [applicant] to examine the policy by way of perpetuation of testimony is based upon the assertion that she expects to sue Superior Insurance Company and its insured in the event that she obtains a judgment against him. But such litigation will not be to 'recover' a loss under the policy; properly classified, it is an action to be reimbursed for damages suffered. * * * The primary purpose of allowing an injured person to sue the insurer is to protect the judgment creditor against the bankruptcy or insolvency of the debtor. * * * [Applicant] claims to be entitled to know the amount of the maximum liability of the insurer and the premiums paid on the policy. These

facts are not germane to any issue which may be presented in the action against the insured; obviously the sole purpose of the present proceeding is to obtain information which will aid in negotiating for a settlement. This is not within the legitimate purview of the statutes providing for the perpetuation of testimony and the issuance of a subpoena duces tecum."

The petition for a writ of mandamus is denied and the alternative writ is discharged and respondent awarded costs.

BADT, C. J., and MERRILL, J., concur.