## JEROME and others *against* JEROME

### IN ERROR.

An *affidavit* annexed to a bill in chancery, is not necessary.

In a bill to perpetuate testimony, the title of the plaintiff ought to be plainly, yet succinctly stated, and that with all necessary and convenient certainty as to the material facts, and as to the time, place, manner and other incidents.

Therefore, where a bill, brought to perpetuate testimony regarding the title of the plaintiff to a tract of land, stated, that *A. B.,* at a certain time, executed and delivered to the plaintiff a deed of gift of such land, in and by which deed said land was, by said *A. B.,* conveyed to the plaintiff ; and that the plaintiff, there-upon, executed and delivered to said *A. B.* a lease of the premises, during his life, and determinable on his death ; without stating what species of estate and quantity of interest were granted, or whether the deed was absolute or condi-tional ; it was held, that the bill was fatally defective, both as to the matter of the plaintiff's title, and the manner of stating it.

A bill to perpetuate testimony, must also shew, that the defendants are interested in the subject matter.

If a bill to perpetuate testimony, prays for relief, it will be dismissed ; these being distinct subjects, which cannot be joined.

A decree on a bill to perpetuate testimony, granting the prayer, and appointing commissioners, is a final decree ; and the proceeding may be revised, by writ of error.

This was a bill to perpetuate testimony.

The bill stated, That on the 30th of *August,* 1813, the plaintiff's father, *Richard Jerome,* executed and delivered to the plaintiff a deed of gift of a certain piece of land in *Waterford,* containing about eighty acres, bounded, &c.; which deed was signed and sealed, by the said *Richard Jerome,* witnessed by two subscribing witnesses, and acknowledged before proper authority, in and by which deed, said land was, by said *Richard Jerome,* conveyed to the plaintiff; that by the mutual consent of the grantor and grantee, said deed was left in the hands of *Jabez Manwaring,* of *Waterford,* to be by him kept for the benefit of the plaintiff; that immediately after the execution and delivery of such deed, the plaintiff executed and delivered to said *Richard Jerome* a lease of the premises, during his life, and determinable on his death, which lease was, by the parties thereto, in the same manner as the deed, deposited for safe-keeping with said *Manwaring ;* that said deed and lease were executed, when no other persons were present, than the parties thereto, and *William Westcott, Jabez Manwaring,* and *William P. Cleaveland,* the two former of whom were the subscribing witnesses, and the latter was the justice of the peace, who took the acknowledgment; that since the execution of said deed, the grantor had been, at times, of an unsound mind, and at the date of the plaintiff's bill, he had a conservator; that said *Westcott* was dead ; that said *Manwaring* had been, for some time past, of unsound mind, with occasionally lucid intervals ; that on the 17th of *August,* 1817, when said *Manwaring* was distracted and of unsound mind, some persons other than the parties to the deed, obtained it from his possession, and destroyed it ; that no suit at law, to try the plaintiff's title to the land, could be commenced, until after the expiration of said life estate, when the plaintiff might be without proof of his title, unless means were taken to perpetuate the evidence thereof; that though the legal title was in the plaintiff, he was without remedy at law, that the premises were well worth 2000 dollars, and the plaintiff's interest in them, 1500 dollars. The plaintiff, therefore, prayed the court, as a court of equity, to take his case into consideration, to enquire into the facts stated ; and upon finding them

*New-London,*
July,
1824.

Jerome
v.
Jerome.

true, to appoint some suitable commissioner or commissioners, to take the depositions of said *Manwaring* and of said *Cleaveland,* (if the former should be able to testify) and of such others as might have heard the facts in question, or any of them, stated, by the grantor, when of sound mind ; or that the court would order and decree the title to the remainder in fee, after said life estate, to be in the plaintiff, and enjoin the defendants, under a suitable penalty, from disputing such title at law ; or in some other way grant relief.

To this bill there was a demurrer. The court adjudged the bill sufficient ; and thereupon passed a decree in favour of the plaintiff, appointing *Ebenezer Learned,* Esq. a commissioner to take the testimony sought to be perpetuated. To obtain a reversal of this decree, the defendants moved for the transmission of the record to this Court, pursuant to the statute of *May,* 1823 ; which was accordingly done.

*Cleaveland,* for the plaintiffs in error, contended, that the bill was insufficient, on the following grounds.

1.   There was no *affidavit* annexed to the bill, verifying the facts stated in it.   1 *Madd. Chan.* 153.   *Philips* v. *Carew,* 1 *P. Wms.* 116.

2.   The bill did not state *what title* or *interest* the plaintiff had in the land.   *Coop. Eq. Plead.* 52, 55,6.   It did not specify the kind of deed, which was executed, or the estate, which was conveyed.   The *right claimed* was not described with sufficient precision.

3.   The bill was equally defective with respect to the interest of the defendants.   The plaintiff has not stated, that the defendants, or any one else, contested his title, or had made any claim to the property.

4.   The bill, with the prayer for perpetuating testimony, joined a prayer for relief. *Rose* v. *Gannel,* 3 *Atk.* 439.   *Vaughan* v. *Fitzgerald,* 1 *Scho. & Lef.* 316.

5.   The bill did not state *what facts* the plaintiff wished to establish, by the testimony sought to be perpetuated.   1 *Madd. Chan.* 157, 8.

*Brainard,* for the defendant in error, remarked, That the chancery practice of *England* had not been adopted in this state ; and the correctness of a proceeding before our courts, could not be tested, by the rules of that system.   He then contended,

1. That an *affidavit* was not necessary. This has never been required, by our chancery practice, in *any* case. Oaths from parties and persons interested are sufficiently multiplied already. But, if it might have been required, as preliminary to a hearing, what ground of complaint does the want of it furnish *now?* The hearing has been had; and the facts stated have been found *true.*

2. That the bill stated a title in the plaintiff below. His father, who was one of the defendants, executed and delivered to him a deed, which conveyed to him the premises. It was not necessary to shew a title in the grantor. The averment that *he conveyed,* however, necessarily implied that he had title.

3. That the interest of the defendants was sufficiently stated. The grantor's interest, and that of his wife, was manifest. If any persons, who are without interest, have been, from abundant caution, made parties to a proceeding of this nature, they may be allowed their costs, and the decree be made against those only, who have an interest. In the present case, it is to be presumed, that justice was done in this respect; nothing appearing to the contrary.

4. That the prayer of the bill was not for two things, but for *one* of them. There is no reason why a prayer in the alternative, like this, should be bad. A party may end his bill with a prayer, either for the perpetuation of testimony, or for relief. Then, why may he not state his prayer in the alternative? But admit that the bill prays for two things; still they are things perfectly compatible with each other. Every person who seeks for the perpetuation of testimony, seeks it with a view to relief. Why should a party be compelled to bring two suits, when the business may as well be done in one? (a)

5. That the bill stated sufficiently the general objects of the testimony sought for. The particular facts, which the witnesses will testify, cannot be known, and need not be stated.

6. That the decree complained of, was not a final one, but was a preliminary proceeding, having reference to an ulterior suit, in which the rights of the parties were to be settled. It was not, therefore, the subject of a writ of error.

(a) In *Scarr* v. *Trinity College,* 3 *Anstr.* 768. the bill prayed liberty to examine aged witnesses *de bene esse,* and that their testimony might be recorded; and then proceeded to pray relief in the same matter to which the examination of these witnesses went. An objection was taken to the form of the bill, as joining suits improperly; but that objection was overruled. *R.*

Jerome
v.
Jerome.

7.   That if the bill had defects, yet from the nature of the proceedings, they were cured by the decree.

Hosmer, Ch. J.   The plaintiff's bill must be adjudged by its conformity "to the rules and usages in chancery proceedings;" for this is the expression of the statute, *p.* 197.

An *affidavit*, by our practice, is not required to be annexed to a bill in chancery, in any case.

The title of the plaintiff ought to be set forth plainly, yet succinctly, and that with all necessary and convenient certainty as to the material facts, and as to the time, place, manner, and other incidents. *Coop. Eq. Plead.* 5. 181. Now, in this case, deficient as the bill is, in alleging the place, where the deed in question was executed, it is more strikingly so, in not having disclosed any title to the premises. The deed, it is said, conveyed a piece of land to the plaintiff, of which a life estate was leased to the grantor; but what species of estate and quantity of interest were granted? Was the deed absolute, or conditional? Did it convey an estate for life, in fee-tail, or in fee-simple? On these indispensible subjects the bill is silent; and if the court should assume, that even an estate for life was granted, it would outrun the plaintiff's allegations. The bill, therefore, is defective, both as to the matter of the plaintiff's title, and the manner of alleging it.

It is a general rule, that a bill must show some interest in the defendant; for otherwise, the plaintiff can have no decree against him; and a suit making him a party is both nugatory and vexatious. *Coop. Eq. Plead.* 177. and cases there cited. From the plaintiff's allegations, it does not appear, that the defendants have any interest in the subject matter of his bill; and that even the party in interest is brought before the court, there is no ground to affirm.

That the bill is not legally sustainable, cannot be questioned, as it unites distinct subjects, which cannot be joined in the same application. It is a bill for the perpetuation of testimony and for relief. These subjects are perfectly distinct, in their features, in the grounds upon which they may be sustained, and in their final causes; and it is an unquestionable rule, that they cannot be united in the same bill. *Coop. Eq. Plead.* 52. *Vaughan* v. *Fitsgerald,* 1 *Scho. & Lef.* 316. *Rose* v. *Gannel,* 3 *Atk.* 439.

The decree of the court below, was undoubtedly final, and

not interlocutory; and against the errors committed, a writ of error is the legal and only remedy.

The suggestion, that the decree cured the errors in the case, is obviously without any force; for the defective allegations of the bill are incurable in their nature; and if otherwise, they could not be cured, by a decision legally erroneous.

PETERS, J., was of the same opinion, with respect to the defects in the bill; but he doubted whether this proceeding was properly the subject of a writ of error.

BRAINARD and BRISTOL, Js. concurred fully with the Chief Justice.

Judgment reversed.