Ruffin, C. J.
 

 The primary object of the bill appears to be, and we are told at the bar that the sole object of it is, to perpetuate the testimony of witnesses. It is a kind of bill that is not of frequent occurrence and, indeed, one that the Court of Equity does not, for very good reasons, like to entertain except in cases of plain necessity.
 
 Angel
 
 v.
 
 Angel,
 
 1 Sim. & Stu. 83. It so seldom occurs in praotice. that' the profession is probably not familiar with it. Yet the jurisdiction is well settled, and the cases in which such bills will lie, and the proper form of the bill and of the orders on it, are clearly enough stated in the books. The frame of the bill before us is, however, thoroughly defective. In the first place every bill should describe a subject of controversy so as to identify it. This is absolutely necessary in order to enable the Court to decree on the rights of the parties to the thing, or, in this proceeding, to direct the interrogatories or specify the matter to which the witnesses arc to be examined. Now, all we learn of the subject of this dispute is, that it is, “ certain lands lying on Price’s Creek in Orange County ” without any further description. It is true, that the bill says that those lands were conveyed by J. S, Smith to the plaintiff in remainder, by a deed
 
 *440
 
 dated, December 10th, 1841, and registered in Orange in a certain book. But that is not a description of the land upon this record, but only a reference to another paper as evidence of the plaintiff’s title ; and it would be impossible, without bringing into the cause that deed — a thing not in the contemplation of a mere bill
 
 in perpetuam rei memoriam-
 
 — to make an order as to the subject touching which the witnesses should be examined. Look upon the order that was made, and see how indefinite, and necessarily indefinite, it is ; being, that the plaintiff “ may examine witnesses and take testimony as prayed for in the bill,” and the prayer is for the examination of witnesses at large, “touching her title to said lands in every particular,” as well as touching a deed, alleged to be lost. We suppose, however, that it was mainly the object to establish the execution, existence and validity of a deed for certain lands from J. S. Smith to F. Jones; about which the allegation is, that it was seen “by sundry persons,” and that Turner denies that such a deed was ever made. But it is laid down, that, if the object of the bill is to perpetuate the testimony of witnesses to a deed respecting land, the deed must be properly described and the names of the witnesses, who are to prove it, be set forth ; and also the facts to which they are to give evidence be specially stated.
 
 Mason
 
 v.
 
 Goodburn,
 
 Finch’s Rep. 391.
 
 Knight
 
 v.
 
 Knight,
 
 4 Madd. Rep. 8. In each of those particulars the bill is defective. This kind of bill, too, like every other, must shew the interest of the plaintiff in the subject.
 
 Mitf.Pl.
 
 51. And in stating the plaintiff’s title, the bill should, though succinctly, set it forth plainly and with convenient certainty as to the material facts-^so that on the bill itself some certain interest in the plaintiff’ shall appear; which, indeed, is sufficient, however minute the interest may be. In applying this rule to a bill to perpetuate evidence in regard to a title to a tract of land, which stated only that on a certain day A, executed a deed to the plaintiff, whereby
 
 *441
 
 the land was conveyed to the plaintiff, and that thereupon the plaintiff executed to A. a lease of the premises during his life, it was held that it was fatally defective, both as to the matter and the manner of treating the plaintiff’s title, because it did not set out the contents of the deed nor state what species of estate or quantity of interest was granted.
 
 Jerome
 
 v.
 
 Jerome,
 
 5 Conn. Rep. 352. Now, the bill here omits every thing of that sort as respects the deed from J. S. Smith to F. Jones — not stating whether it conveyed a present or future interest, or a fee, or life estate, or term for years. We cannot tell, whether any thing could now be claimed under that deed, if it ever existed. The same observation extends to the manner of setting forth all the other title papers. The bill begins by stating that J. S. Smith, by a deed dated December 10th, 1841, conveyed to the plaintiff the premises “ in remainder but after what particular estate, or what the interest in remainder was, whether in fee, for life, or otherwise, contingent, or absolute, we are not told. In subsequently stating the will of the grand-father, the same vagueness is displayed, and even more. It sets out, that the land was devised thereby to the plaintiff; and, if it had stopped there, perhaps it might be taken to be a devise in fee, under our Statute. But it goes on to state, that the testator therein “ directed his executor in what manner his said purpose should be carried into effect, without setting out that part of the will
 
 lime verba,
 
 or as much as mentioning the manner in which the purpose was to be effected: which, we suppose, must mean, tbe manner in which the estate in the land should be passed to or vested in the plaintiff. Something of that sort was indispensably necessary in the bill to make it intelligible ; for the executor,
 
 virtute officii,
 
 would have nothing to do with the conveyance of land to a person, to whom the testator devised it, and could only have a power, touching the land, specially conferred by the will; and that does not appear here.
 

 
 *442
 
 But a more important objection to the bill, arises from the manner in which the plaintiff states her title, from which it follows, that the question, touching- which she prays to perpetuate testimony, or, rather, the only question which is specifically stated, is one, that can never arise in a Court of law, and therefore the Court will not perpetuate evidence to it. This is one of that kind of bills, on which the Court of Equity does not decide on rights, but assists a Court of Law in doing so, by preserving evidence.
 
 Mitf. Pl.
 
 148. The Court will not do a useless thing. As if a bill be to perpetuate evidence against a tenant in tail, who may immediately bar the estate, the Court will make no order, inasmuch as it would bo fruitless.
 
 Dursby
 
 v.
 
 Fitzhardinge,
 
 6 Ves. 260. So, if this plaintiff can never set up the title, stated in her bill, as a legal title, on which she can defend her possession, it is in vain to perpetuate the evidence. For, if her redress upon that title, must be in a Court of Equity at last, then her proper course is to file a bill for relief at once, and not a bill of this kind. The Court of Equity will not entertain a bill
 
 in perpetuam rei memoriam,
 
 touching a subject of its own jurisdiction, because the party can always, though in possession, file a bill for relief, and the Court can, in its discretion, make the proper orders upon an emergency for speeding the taking the testimony of old, infirm or removing witnesses ; which, indeed is, in this State, specially provided for by statute.
 
 Rev. St. c. 32, s.
 
 4. Now, it is very plain that the plaintiff cannot assert the title, which she sets up under Francis Jones, at law, and that it is material to her to rely on that title. She states, indeed, that J. S. Smith became seised of the land under a conveyance from Jones, and that by two deeds from Smith she has the legal title for the life of her father, upon a purchase for #1,000, and for the remainder after the deaths of her father and mother. But this latter conveyance would not be good as against the father’s creditors, because it was upon no consideration, moving,
 
 *443
 
 from the plaintiff, unless she can connect herself with the title Jones derived by the deed, alleged to have been made to him by J. S. Smith and to have been lost. That she does through the devise by Jones to herself — supposing that to be sufficiently stated in the bill. But, as appearing in the bill, it will not support the deed from her father to the plaintiff, because that deed could not have been made to the plaintiff as the devisee of Jones, since it was executed before the death of Jones. If it be said, the bill states, that the conveyance was made in compliance with a promise of Smith to Jones, the answer is, that, whether the interest of Jones be regarded as legal or eqtfitable in its nature, it could not be passed by even an express act by parol, much less by implication in the manner charged. Therefore the plaintiff is obliged to resort to her grand-father’s will to sustain her title.. But after she shall have done so, she still cannot shew a good title in a Court of Law, because the deed to Jones was not registered, as far as appears, and therefore could not be given in evidence at law. It is very singular, upon the statements in the bill, that, upon the loss of that deed, a new one had not been executed from J. S. Smith to Jones. However, Jones had a clear right to call for another deed in this Court and it' would have' been decreed to him.
 
 Tolor
 
 v.
 
 Tolor,
 
 1 Dev. Eq. 456.
 
 Plummer
 
 v.
 
 Baskerville,
 
 1 Ired. Eq. 252. In like manner the plaintiff, as his devisee, can call for a conveyance from her father, or from the present defendant, as having succeeded to the legal title, that rested in the father, in consequence of the loss, of his deed to the grand-father before registration. If, in fact, J. S. Smith made the deed to Jones
 
 bona fide,
 
 and for the consideration alleged in the bill, and Jones did devise the land to the plaintiff in possession, or in remainder in fee, after the death of her father and mother, (as we suppose it was intended to be charged,), her title to relief here will be clear ; and so.
 
 *444
 
 far as her right is derived from the grand-father, that is the only mode in which she can assert it.
 

 It is plain, therefore, that in no point of view, and to no extent, is this bill sufficient to entitle the plaintiff to the assistance of the Court, if it had been demurred to. That would have been the most correct course; for no discovery was sought from the defendant, and there was no occasion for an answer. But the mere circumstance, that the defendant put in1 a needless answer, not called for, but not admitting any part of the plaintiff’s title, nor any fact on which she grounds her claim on the Court for aid, cannot dispense with a statement of some case in the bill, apparently proper for the interposition -of the Court, or cure a bill so radically deficient as- the present both in form and substance. And, finally, the Court is of opinion, that the orders appealed from were erroneous and ought, to be reversed, and of course if any commissions issued thereon, they ought to be called in and can-celled, so as in effect to suppress- the depositions, if any have been taken. The appellant is entitled to- his costs in this Court.
 

 Per Curiam.
 

 Decreed accordingly.