(63 App. Div. 235.)

In re SPINKS.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

DEPOSITIONS—FOREIGN CASE—GOOD FAITH—VACATION OF SUBPŒNA.

　　Code Civ. Proc. §§ 914, 915, authorizes the taking of depositions to be used in proceedings in foreign courts, and the grant of a subpœna to enforce the examination of a witness, on the filing of a petition in the proper case. Section 915 also authorizes the courts to regulate such

proceedings by rules of practice. Gen. Rule Prac. 17, authorizes the denial of the petition, unless the court is satisfied that the application is in good faith, and authorizes the vacation of a subpœna. *Held*, that a subpœna based on application not made in good faith, but instituted by business competition for the purpose of acquiring private information, will be vacated.

Appeal from special term, New York county.

Petition ·by Henry C. Spinks to obtain the testimony of Francis V. Greene and others in aid of an action in a foreign state. From an order refusing to vacate a subpœna, the said Greene and others appeal. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Delancy Nicoll, for appellants.

Nathan Bijur, for respondents.

LAUGHLIN, J. The only authority for taking the testimony of a witness in this state, to be used without the state, is that contained in sections 914 and 915 of the Code of Civil Procedure. These sections, so far as material to the case at bar, provide that a party to a suit pending in any court other than a court of this state may obtain the testimony of a witness within this state "to be used in the action, suit, or special proceeding" pending elsewhere, and for that purpose the supreme or county court, or a judge of either court, "shall, in a proper case, on the presentation of a verified petition, issue a subpœna to the witness commanding him to appear" before a commissioner or other officer at a time and place specified in the subpœna to testify in the action, suit, or special proceeding. Pursuant to the express command of section 915 of the Code of Civil Procedure, requiring the courts to regulate such proceedings by rules to be embodied in the general rules of practice, rule 17 was adopted, and it provides in part that:

"The petition prescribed by section 915 of the Code of Civil Procedure must state generally the nature of the action or proceeding in which the testimony is sought to be taken, and that the testimony of a witness is material to the issues presented in such action or proceeding, and shall set forth the substance of or have annexed thereto a copy of the commission, order, notice, consent or other authority under which the deposition is taken. * * * Unless the court or judge is satisfied that the application is made in good faith to obtain testimony within sections 914 and 915 of the Code of Civil Procedure, he shall deny the application. * * * A party to an action or proceeding in which a deposition is sought to be taken, or a witness subpœnaed to attend and give his deposition, may apply to the court to vacate or modify such subpœna."

It will be seen from these Code provisions and this rule that a subpœna does not issue as of course upon showing the pendency of the action within the foreign jurisdiction and the presence of the witness within our state. The application is to the court or judge, and the ruling thereon is a judicial determination. Taking testimony in this manner is only authorized where "it is to be used in the action, suit, or special proceeding," and the court is only required to issue the subpœna "in a proper case," and rule 17 properly provides that, unless the court or judge is satisfied that the

application is made in good faith to obtain material testimony for the purpose authorized by these sections of the Code, it should be denied. We find no case construing the words "good faith," as used in this rule, or deciding whether the petitioner may be required to show that the application is made in good faith, and for the purpose of using the testimony upon the trial. Manifestly, the courts and judges of this state should not examine into the merits of the foreign litigation with a view of granting or refusing a subpoena according to their opinion as to whether the petitioner has or has not a good cause of action. On the other hand, citizens and others within the jurisdictions of our courts should not be compelled to submit to meddlesome examinations concerning their property or business transactions or methods, where the application therefor is made in bad faith, not for the purpose of obtaining, preserving, and using in the foreign litigation material testimony, but to annoy, harass, or embarrass, or for some ulterior object. This measure of protection, we think, the courts may extend under rule 17 and the sections of the Code cited, without violating the comity existing between the people and courts of our state and those of other states and countries.

It is claimed that the application is not made in good faith; that the evidence is not material to the issues, for the reason that the petitioner has no cause of action; and that it is not intended in good faith to use the evidence in the prosecution of the litigation. The petitioner filed his bill of complaint in the suit in chancery in the month of November, 1900, in behalf of himself, as the owner of 128 gold bond certificates of the Asphalt Company of America, and all other owners and holders of similar certificates, to obtain an injunction restraining the consummation of a proposed agreement between that company and the National Asphalt Company, by which the former was endeavoring to have its stockholders transfer their stock to the latter, which it is alleged is insolvent. It is further alleged that only 20 per cent. has been paid in on the stock of the American Company, and that the stockholders remain liable to the company for the remaining 80 per cent., and that the purpose of the proposed transfer is to fraudulently enable the stockholders to avoid their ultimate liability for the balance of their subscriptions to the plaintiff and other bondholders. The amended bill of complaint alleges that the proposed agreement has been accepted, and that the majority of the stock has been transferred in accordance therewith, and prays that such transfers be set aside as against the plaintiff and other bondholders, and that the stockholders be decreed to remain liable for the unpaid balance of their subscriptions as if such transfers had not been made. The answer puts in issue the material allegations of the complaint. The bonds are not due, and it is not alleged that the American Company is insolvent, or that it has made default in any of its obligations, and no fact is shown rendering it probable that the liability of the stockholders will ever have to be resorted to. When petitioner filed his bill of complaint, he moved for an injunction pendente lite, and the vice chancellor denied the motion in an opinion which seems to go to

the merits of the litigation, and indicated that the complaint, unless materially amended, will have to be dismissed upon the trial. The order denying that motion, although appealable, has not been appealed from, and the time so to do has expired. It is contended by the appellants that in these circumstances the opinion of the vice chancellor becomes the law of the case, and opinions and authorities tending to support this view are cited. This view of the law, however, is not conceded by respondent. However this may be, we think it may be presumed that one court will ordinarily follow the decision or opinion of another court of co-ordinate jurisdiction, at least when made and delivered in the same case.

It further appears that the petitioner is engaged in the asphalt paving business, and in determined, aggressive competition with said companies, or with companies whose stock they largely own and control, and that he has by letter and otherwise threatened to ruin their business by exposing their business methods and their contract relations with other companies and with individuals, and by other unfair and unjust means. It is alleged that appellant Greene is now the president of the National Company, that Barber was its president at the time the agreement was proposed, and that Andrews is vice president of the American Company. An examination of each of these witnesses is sought as to all the issues in the case. These companies are incorporated under the laws of New Jersey, and it is not shown that the testimony which it is expected to obtain by the examination of these witnesses cannot be had by the examination of the corporate records, or of other witnesses within the state of New Jersey. A notice of the intended taking of this evidence was served, pursuant to the practice in the court of chancery, which did not require an application to or an order of the court. Appellants refused to be examined, upon the ground that the application was not made in good faith, but was instituted by business competitors of the defendant corporation for the purpose of improperly acquiring information concerning their private business; and, further, that, in view of the decision of the chancellor, no question propounded to them can be proper or pertinent to any issue in the suit. We think there is merit in the first ground of this objection, and that the order should be reversed, and the subpœna vacated, with $10 costs and disbursements, and motion to vacate subpœna granted, with $10 costs. All concur.