SIOUX LAND COMPANY, Respondent, vs. EWING and others, Appellants.

*December 7, 1916—January 16, 1917.*

*Depositions to perpetuate testimony: Rules of practice: Statutes: Ability to commence action: "Sufficient cause" for taking deposition: Recording: Competency of witness: Objections, when available: Powers of commissioner: Nonattendance of witness: Fixing another time: Allowance of expense in attending at first hearing.*

1. The old rules of practice governing equitable proceedings to perpetuate testimony have been superseded by the rules embodied in the statutes.
2. The facts that there was nothing to interfere with the immediate commencement of an action by the petitioner to quiet title to land, and that the deposition of a witness living without the state might be taken forthwith after the action was begun, did not preclude the granting of a petition for the taking of a deposition to perpetuate the testimony of such witness.
3. Where it appeared that the evidence might be material, that a long delay might be the cause of losing the testimony of the witness, and that there was no want of good faith in the proceeding, it was within the discretion of the court to hold that

the "sufficient cause" required by sec. 4126, Stats., for taking the deposition of such witness had been shown.

4. It being alleged in the petition that plaintiff was the owner and in possession of the land in question, there was no error in refusing to dismiss the proceeding on the ground that defendant's title to the land had been established by a certain judgment quieting such title as against plaintiff's grantors, a determination of that issue not being necessary in this proceeding.

5. Objection to the competency of the witness to testify to transactions with a person since deceased may be made at any time when the deposition taken to perpetuate his testimony is offered in evidence; and where some at least of the testimony therein is manifestly not subject to that objection the recording of the deposition should be permitted.

6. Where the commissioner to take a deposition to perpetuate testimony was expressly authorized to fix the time and place of the taking, such authority was not exhausted by the failure of the witness to appear at the time first fixed, whatever the cause of such failure; and another time might be set.

7. Where in such case defendants made no application to have an allowance made for their expenses incurred in attending at the time and place first fixed, as a condition for the recording of the deposition, the fact that no such allowance was made cannot, on appeal, affect the question of plaintiff's right to have it recorded.

APPEAL from an order of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

The appeal is from an order directing the recording of a deposition taken under proceedings to perpetuate testimony.

The petitioner filed an application with the circuit court for Douglas county in November, 1910, setting forth that it is the owner in fee simple and in actual possession of certain eighty acres of land in Douglas county; that the defendants and appellants are interested, or supposed to be interested, in said land and in the claim and title made by the petitioner thereto; that Louis Freniere and two others residing on the Santee reservation in Knox county, Nebraska, know certain facts concerning the plaintiff's title and claim, which facts petitioner deems material and essential to said title and claim, and that it desires to perpetuate the evidence of said Freniere and others and applies for a commission to take

their testimony; that Louis Freniere is a Sioux Indian and does not understand or converse in the English language, but converses in the Dakota language. Upon this application testimony was taken by the court as to the title to these lands and of the various claims concerning the same, and then an order made fixing a place for the hearing of said application on December 29, 1910, and providing for the giving of notice thereof. Nothing was done on December 29th except to file proof of giving notice of such hearing. On January 12, 1911, *Mary C. Ewing* appeared by counsel and filed written objections to the granting of the application.

Upon hearing had a showing was made on behalf of appellants of a judgment quieting title in them to these lands in an action in the same court in which appellants were plaintiffs and the petitioner's grantors, including said Louis Freniere, were defendants.

On April 21, 1911, the court made an order granting the application, providing for the giving of notice, appointing James Garvie of Niobrara, Knox county, Nebraska, commissioner to examine the witnesses at a time and place to be fixed by him, and provided for notice to be given by the commissioner both by publication and by mail. The order further appointed said Garvie as a competent person to translate the questions and answers. An appeal was taken from such order to this court and such appeal was dismissed. *Sioux L. Co. v. Ewing,* 148 Wis. 600, 135 N. W. 130.

After return to the circuit court of said appeal written interrogatories to be propounded to the witness Freniere were filed. The commissioner fixed November 20, 1912, as the time and his office in Niobrara as the place for the taking of the deposition. On that date counsel for defendants appeared, but the witness did not appear. Thereafter, on suggestion of plaintiff's counsel, the commissioner fixed January 28, 1913, as the time for taking such deposition, but for failure to give proper notice thereof such proposed hearing

was abandoned and renewed proceedings taken fixing March 4, 1913, as the date. At such time no appearance was made by defendants and the witness was examined and his testimony translated and returned to the court.

Objections were interposed to the recording of such deposition, which were overruled, and from the order directing the recording of such deposition this appeal was taken.

For the appellants there was a brief by *Luse, Powell & Luse* of Superior, attorneys, and *S. R. Alden* of Ft. Wayne, Indiana, of counsel, and oral argument by *L. K. Luse* and *C. Z. Luse*.

For the respondent there was a brief by *Grace, Hudnall & Fridley* of Superior, and oral argument by *George B. Hudnall*.

ESCHWEILER, J. Although numerous objections were interposed to the filing of the deposition of Louis Freniere, they are all substantially included in the following:

First, that no sufficient reason is shown for the taking of the deposition; second, that the showing made discloses an entire lack of any interest by plaintiff in the real estate; and third, that the witness was incompetent to testify to transactions between himself and the deceased person through whom appellants claim title.

From the petition it affirmatively appears that the plaintiff claims to be the owner of and is in possession of the premises, and it negatively appears that no action is pending concerning the title to these lands and that there is nothing to interfere with the immediate commencement of such an action. The petition and evidence fail to disclose any immediate need of taking such deposition other than the fact that the witness Freniere is nearly eighty years of age.

Under the situation disclosed the plaintiff was in a situation to commence an action to quiet title, and having commenced such action could forthwith, under the statute and

either before or after issue joined, proceed to take the deposition of the same witness as herein involved, and it is therefore urged by appellants that plaintiff should have been relegated to the relief obtainable in such action rather than be allowed to continue in this special proceeding. It is further argued that while sec. 4126, Stats., governing the taking of depositions without the state, provides that a commission shall issue upon the court being satisfied that there is *sufficient cause* for the taking thereof, there is no such requirement in the statute as to the taking of depositions within the state, and therefore the *sufficient cause* required under that statute must mean substantially that the same reasons must be shown to exist as were required under the old rules of practice in equitable proceedings to perpetuate testimony; the old practice being that no separate proceedings could be had to perpetuate testimony except upon a showing of some actual and substantial impediment to the then prosecution of an action in which such testimony would be material and could be taken.

Evidently, however, the legislature intended its new rules embodied in these statutes to take the place of the old practice, and we can find in the language of the statutes themselves no grounds for holding that it was intended that such a provision of the old rule should survive in the new. Nor can we hold that the statutes governing special proceedings, such as secs. 4117–4134, or those providing for the taking of depositions after an action has been commenced, such as secs. 4102 or 4113, are any of them intended to be exclusive, so that the mere fact that this deposition could have been taken after an action was commenced does not exclude the right to take it before the beginning of an action. We are satisfied, therefore, that the court below was properly within its discretionary powers in holding that when, as here, it appears that the evidence may be material, that a long delay may be the cause of losing the testimony of such witness, and that there is no

want of good faith in the proceeding, then the sufficient cause required by sec. 4126 has been shown.

On the second point involved, it is contended that the judgment quieting title in appellants, shown on the hearing to have been entered as against plaintiff's grantors, including the witness Freniere, is such an effectual quietus to any claim of title by plaintiff that it has no standing to apply for leave to take this deposition in this special proceeding.

As against the claim of ownership and the allegation of possession of the plaintiff, this judgment certainly raised an issue, but one that the court certainly need not, even if it could, dispose of in this special proceeding, and the court below, therefore, did not err in refusing to dismiss the proceedings on that objection.

On the third point it is evident that the objection raised as to the competency of the witness can be effectually raised at any time that the deposition shall be offered in evidence, and much may depend upon the then state of the record and proceedings in such action in determining how far such objection should be sustained. It appears on examination of the deposition herein that some at least of the testimony of the witness would manifestly not be subject to such objection, and the entire deposition cannot be now refused record because some of it may ultimately appear to be inadmissible under proper and timely objections.

Among other objections urged besides those already disposed of, appellants claim that the commissioner had no authority to set another time for the taking of the deposition than that first set by him. But the power and authority was expressly given to such commissioner by the court to fix the time and place of the taking of such deposition and it was not exhausted by the failure of the witness to appear, whatever the cause of such failure.

It is also claimed that the appellants were put to an expense of over $175 in attending at the hearing first noticed,

but it does not appear that any application was made to have any allowance made for such expenses in any way as a condition for the recording of the deposition and it cannot now affect the question of plaintiff's right to have the deposition recorded.

*By the Court.*—Order affirmed, and the record returned to the circuit court with directions to order the recording of such deposition within thirty days after such return.