[Civ. No. 3209.   Third Appellate District.—September 16, 1926.]

## JAMES IRVING, Petitioner, v. THE SUPERIOR COURT OF EL DORADO COUNTY et al., Respondents.

[1] EVIDENCE—APPLICATION TO PERPETUATE TESTIMONY — PLEADING —
EQUITY.—While it is doubtless true that, in a statutory proceed-
ing to perpetuate testimony, the particularity of the former bills
in equity for that purpose is not required, the nature of the an-
ticipated controversy, the interest of the applicant and the claims
of adverse parties herein should be set forth in the application
with sufficient certainty to enable the court to settle proposed in-
terrogatories or to compel witnesses to answer questions pro-
pounded to them; and this cannot be done unless the application
states sufficient facts to enable the court to determine whether
such interrogatories or questions are material to the controversy.

[2] ID. — EXAMINATIONS CONCERNING PROPERTY, ETC. — BAD FAITH. —
Citizens and others within the jurisdiction of our courts should
not be compelled to submit to meddlesome examinations concern-
ing their property or business transactions or methods, where the
application therefor is made in bad faith, not for the purpose of
obtaining, preserving, and using material testimony, but to annoy,
harass, or embarrass, or for some ulterior object.

[3] ID.—EXAMINATION OF BOOKS—INTEREST.—In no case should a per-
son be forced to surrender his private books and papers to another
who does not claim to own or have any interest in them except
upon convincing proof that such books or papers contain evidence
which materially affects the rights in litigation of the person de-
manding them.

[4] ID.—PLEADING — INSUFFICIENCY OF APPLICATION TO PERPETUATE
TESTIMONY.—An application for an order for the perpetuation of
testimony of certain witness is insufficient, where it alleges that
the applicant expects to be a party to an action, but contains no
averment respecting the issues to be tried therein or of the interest

---

1.  See 8 R. C. L. 1148.
3. . See 10 Cal. Jur. 881.

of either party in the controversy, and alleges no facts from which it can be determined whether the facts expected to be proved are material to any present or prospective controversy, and such facts as are enumerated are not alleged to be true, the allegation being merely that the applicant "expects to prove" the same.

**[5]** ID.—VERIFICATION OF FACTS—MATERIALITY OF EVIDENCE.—Persons should not be compelled to submit to examinations concerning their property or business transactions or methods, except upon allegations of fact, duly verified, reasonably showing that the evidence sought is material to some present or anticipated controversy.

---

(1) 18 C. J., p. 639, n. 32, 33, p. 640, n. 50.    (2) 18 C. J., p. 609, n. 78.    (3) 18 C. J., p. 1124, n. 96.    (4) 18 C. J., p. 636, n. 82. (5) 18 C. J., p. 639, n. 32.

PROCEEDING in Certiorari to review an order of the Superior Court of El Dorado County directing the examination of witnesses to perpetuate their testimony. George H. Thompson, Judge. Order annulled.

The facts are stated in the opinion of the court.

R. E. Fitzgerald and Leo R. Friedman for Petitioner.

FINCH, P. J.—This is a petition for a writ of *certiorari* to review an order of the respondent court directing the examination of certain witnesses to perpetuate their testimony. The following sections of the Code of Civil Procedure are applicable to the questions presented by this proceeding:

"2083. The testimony of a witness may be taken and perpetuated as provided in this chapter."

"2084. The applicant must produce to a judge of the superior court a petition, verified by the oath of the applicant, stating:

"1. That the applicant expects to be a party to an action in a court in this state, and, in such case, the names of the persons whom he expects will be adverse parties; or,

"2. That the proof of some fact is necessary to perfect the title to property in which he is interested, or to establish marriage, descent, heirship, or any other matter which may hereafter become material to establish, though no suit

may at the time be anticipated, or, if anticipated, he may not know the parties to such suit; and,

"3. The name of the witness to be examined, his place of residence, and a general outline of the facts expected to be proved. The judge to whom such petition is presented must make an order allowing the examination, and designating the officer before whom the same must be taken."

"2086. The examination must be by question and answer, and if the testimony is to be taken in another state, it must be taken upon a commission to be issued by the judge allowing the examination, under the seal of the court of which he is judge, and upon interrogatories, to be settled in the same manner as in cases of depositions taken under commission in pending actions."

Petitioner contends that the application for the order does not state facts sufficient to give the court jurisdiction to make it. The application alleges:

"That your petitioner and others expect to be parties to an action in a Superior Court of this State, involving certain transactions of the El Dorado Water Company, a corporation organized and existing under the laws of the State of California and doing business in said State in connection with the issuance, sale and/or disposal of certain bonds of said company, and in which said case your petitioner is without sufficient information whereon to identify the prospective parties litigant; that probability of such action being commenced against your petitioner and others is imminent according to the best knowledge and information of your petitioner; That it is necessary to perpetuate the testimony of certain persons having knowledge of such transactions, and your petitioner expects to prove that El Dorado Water Company, a corporation, aforesaid, issued, by and under the authority of the Railroad Commission of the State of California, certain bonds; that Union Trust Company of San Francisco, a banking and trust Company organized and existing under the laws of the State of California and doing business in said State, was depositary of said bonds; that part of the issue of said bonds, to wit: approximately $4,000.00 in face value, were abstracted from said depositary, and converted to the use and benefit of persons other than said El Dorado Water Company; and that by reason of said

transaction, your petitioner believes and alleges that he will be a party in an action at or equity for relief. That the proof of facts to be ascertained and the action that may thereafter be commenced does not involve any right or title, nor possession nor right to possession of real property."

The foregoing sections of the Code of Civil Procedure, providing for proceedings to perpetuate testimony, have never been construed by the higher courts of this state, but in *San Francisco Gas & Elec. Co.* v. *Superior Court,* 155 Cal. 30, 35 [17 Ann. Cas. 933, 99 Pac. 359], it is said: "It was the intention of the legislature not only to provide a simple statutory proceeding by which litigants, actual or expectant, could secure all the relief formerly afforded by courts of equity, but even ampler relief, and upon easier terms." **[1]** While it is doubtless true that, in a statutory proceeding to perpetuate testimony, the particularity of the former bills in equity for that purpose is not required, the nature of the anticipated controversy, the interest of the applicant and the claims of adverse parties therein should be set forth in the application with sufficient certainty to enable the court to settle proposed interrogatories or to compel witnesses to answer questions propounded to them. It seems clear that this cannot be done unless the application states sufficient facts to enable the court to determine whether such interrogatories or questions are material to the controversy. "The bill should describe a subject of controversy so as to identify it, in order to enable the court . . . to direct the interrogatories or specify the matter as to which the witnesses are to be examined; and the bill must of itself show some certain legal interest in the plaintiff." (8 R. C. L. 1148; 16 Ency. Pl. & Pr. 367; *Jerome* v. *Jerome,* 5 Conn. 352; *Booker* v. *Booker,* 20 Ga. 777; *May* v. *Armstrong,* 3 J. J. Marsh. (Ky.) 260 [20 Am. Dec. 137]; *Smith* v. *Turner,* 39 N. C. 433 [47 Am. Dec. 353]; *Matter of Bryan,* 3 Abb. N. C. (N. Y.) 289; *In re Anthony,* 42 App. Div. 66 [58 N. Y. Supp. 907]; *In re White,* 44 App. Div. 119 [60 N. Y. Supp. 702]; *Sioux Land Co.* v. *Ewing,* 165 Wis. 40 [160 N. W. 1059].) **[2]** "Citizens and others within the jurisdiction of our courts should not be compelled to submit to meddlesome examinations concerning their property or

business transactions or methods, where the application therefor is made in bad faith, not for the purpose of obtaining, preserving, and using . . . material testimony, but to annoy, harass, or embarrass, or for some ulterior object.'' (*In re Spinks*, 63 App. Div. 235 [71 N. Y. Supp. 398].) A *subpoena duces tecum* was issued out of the respondent court, commanding the petitioner herein to appear as a witness and to have with him certain books, papers, and records. ''The right of the people to be secure against unreasonable or unnecessary seizure of their private papers and documents is justly regarded as a highly sacred one —so much so, in fact, that the people themselves have taken the pains in express written terms to guarantee and safeguard its perfect enjoyment. (Const., art. I, sec. 19.) [3] In no case, therefore, should a person be forced to surrender his private books and papers to another who does not claim to own or have any interest in them except upon convincing proof that such books or papers contain evidence which materially affects the rights in litigation of the person demanding them. As was so clearly and forcefully said by the late learned Justice McFarland, in the case of *Ex parte Clarke*, 126 Cal. 238 [77 Am. St. Rep. 176, 46 L. R. A. 835, 58 Pac. 546], 'to compel a person to deliver his books and papers to another who does not claim any ownership in them is to violate the sanctity of most important private rights, and is not to be tolerated except when warranted by some law clearly not inconsistent with the constitutional provision.' '' (*Kullman, Salz & Co.* v. *Superior Court*, 15 Cal. App. 276 [114 Pac. 589]; *Funkenstein* v. *Superior Court*, 23 Cal. App. 663, 665 [139 Pac. 101].)

[4] The application for the order in question is clearly insufficient. It alleges that the applicant expects to be a party to an action, but contains no averment respecting the issues to be tried therein or of the interest of either party in the controversy. It alleges that it is necessary to perpetuate the testimony of certain witnesses and that the applicant expects to prove certain facts, but alleges no facts from which it can be determined whether the facts expected to be proved are material to any present or prospective controversy. The statute requires that the application be ''verified by the oath of the applicant,'' but such

requirement would be of little value if an application such as this were held to be sufficient, because it does not state facts upon which, if false, a charge of perjury could be based. The application not only fails to show the nature of the alleged anticipated action or the issues to be tried therein, but such facts as are enumerated are not alleged to be true, the allegation being merely that the applicant "expects to prove" the same. **[5]** Persons should not be compelled to submit to examinations "concerning their property or business transactions or methods," except upon allegations of fact, duly verified, reasonably showing that the evidence sought is material to some present or anticipated controversy.

The order is annulled.

Pullen, J., *pro tem.*, and Plummer, J., concurred.