[Civ. No. 6744. Second Appellate District, Division One.—September 20, 1929.]

M. F. DOYLE et al., Petitioners, v. SUPERIOR COURT OF THE COUNTY, OF LOS ANGELES et al., Respondents.

Swaffield & Swaffield and Lawrence Hall for Petitioners.

Chandler, Wright & Ward and H. C. Mabry for Respondents.

HOUSER, J.—From the petition herein it appears that heretofore, to wit, on June 4, 1929, pursuant to an application filed by Turner Oil Company, a corporation, in the Superior Court in the County of Los Angeles, for an order to perpetuate the testimony of each of four persons named in such application, four several orders were issued by said court by which each of said persons was directed to appear at a designated time and place for the purpose of giving his deposition; that following service of such order upon each of such persons, each of them duly appeared as directed in the order, but refused to give any testimony. Thereafter, in due course and because of such refusal to give his testimony as directed, each of such persons was ordered by the said Superior Court to appear before it on a specified date to show cause why he should not be punished for contempt of said court. Thereupon, the persons so cited for contempt,

claiming that the application for the order to perpetuate their testimony was so lacking in essential allegations that it constituted no foundation for either or any of the several orders made by the Superior Court in the matter, applied to this court for a writ of review, to the end that such orders be annulled.

Without setting forth at length the application in question, it may suffice briefly to state that following its entitlement and address to the Superior Court of the County of Los Angeles, in effect the application contained the statements: That the applicant expected to be a party plaintiff in an action to be brought in said Superior Court; that said action would involve the determination of the validity of a certain agreement between the city of Long Beach and Charles Torson, by which agreement said Charles Torson was employed by the city of Long Beach to do certain construction work in connection with Pump Sewer District Number Ten, city of Long Beach; that by said action applicant proposed to furthermore determine the validity of all bonds issued in connection with the above work; that the names of the persons whom the applicant expected would be adverse parties in said action were the city of Long Beach, Charles Torson, Walter Horne, Long Beach Insurance Agency and/or its directors and/or certain of its stockholders; that applicant was the owner of about fifty acres of real property situate in Pump Sewer District Number Ten, Long Beach, Los Angeles County, California; that said property had become subject to an alleged assessment of over twenty thousand dollars for the aforesaid work done under the above-mentioned contract; and that it was necessary to determine whether or not the assessments were valid in order to perfect title to the above property in which applicant was interested as owner as aforesaid. Then followed a designation of each of the persons whose testimony was expected to be perpetuated, his residence address, the statement that he was a necessary and material witness for the applicant on the trial of the expected action and that his testimony would be necessary and material in the prosecution thereof. The application also contained the statement that by the first of such named persons the applicant expected to prove that the Long Beach Insurance Agency was the agent for the Pacific Indemnity Company and/or Swett

& Crawford, who issued various bonds on behalf of the contractor, Charles Torson, in connection with Pump Sewer District Number Ten, Long Beach, California; that said person was general manager of the bond department of Swett & Crawford; that he was an officer or employee of the Pacific Indemnity Company and was familiar with the executing of said bonds. That by the second of said persons the applicant expected to prove that he was an officer and/or director of the Long Beach Insurance Agency; that the Long Beach Insurance Agency was the local agent for the Pacific Indemnity Company and/or Swett & Crawford in procuring the bond business from Charles Torson in connection with Pump Sewer District Number Ten, Long Beach; and that certain public officials of the city of Long Beach were materially interested in the Long Beach Insurance Agency as stockholders or directors. That by the third of such persons the applicant expected to prove that the Long Beach Insurance Agency was the local agent for the Pacific Indemnity Company and/or Swett & Crawford in procuring for said Charles Torson bonds in connection with the work done by him in Pump Sewer District Number Ten, Long Beach, California, and the amount of premiums paid for said bonds. And that by the last of such named persons the applicant expected to prove that the Long Beach Insurance Agency was the local agent for the Pacific Indemnity Company and/or Swett & Crawford in writing the bonds for Charles Torson in connection with the work done in Pump Sewer District Number Ten, Long Beach, California, and that certain public officials of the City of Long Beach were officers or substantial stockholders in the Long Beach Insurance Agency.

Specifically, the objections of petitioner herein to the application presented to the Superior Court are that said application does not set forth the nature of, or the issues to be tried in, the alleged anticipated controversy, nor the claims of the parties alleged to be adverse to applicant therein; and that such facts as are set forth are not alleged to be true, but merely that applicant "expects to prove" the same.

So far as concerns this proceeding, the effect of section 2084 of the Code of Civil Procedure, which prescribes what shall be contained within an application for an order

to perpetuate the testimony of a witness, is that the applicant must produce to a judge of the Superior Court his verified petition in which shall be stated the fact that the applicant expects to be a party to an action in this state; and in such case, the names of the persons whom he expects will be adverse parties; or, that the proof of some fact is necessary to perfect title to property in which he is interested. In either case, in addition to the foregoing requirements, the applicant must state the name of the witness proposed to be examined, his place of residence, and a general outline of the facts expected to be proved.

█ Tested by such statutory requirements, and referring to the application which was presented to the Superior Court, it will be noticed that in accordance with the demands of the statute the application does contain the positive statement that applicant expects to be a party plaintiff; and that the names of the persons whom the applicant expects will be adverse parties in said action are (naming them). Adverting to the statute, it will appear that beyond the naming of the witness proposed to be examined, the making of a statement as to his place of residence and "a general outline of the facts expected to be proved," no other preliminary demand is made of the applicant. In the instant case, however, so far as concerns what may be termed the foundational facts, the applicant has gone farther: In addition to the requirements set forth in the first subdivision of section 2084 of the Code of Civil Procedure, he has attempted to comply with the alternative requirements stated in the second subdivision of said section to the effect that in the absence of compliance by the applicant with the provisions contained in the first subdivision, the petition must contain a statement, "that the proof of some fact is necessary to perfect the title to property in which he is interested . . . " In that regard, the application contains the statement that the applicant is the owner of "50 acres of real property . . . " which "has become subject to an alleged assessment of over $20,000.00 . . . " and "that it is necessary to determine whether or not the assessments are valid in order to perfect title to the above property in which applicant is interested as owner as aforesaid." Resuming the examination of the application, and as affecting either of the alternative provisions of the stat-

ute, it appears that the name and place of residence of each of the persons proposed to be examined are clearly and unmistakably set forth. In view of the fact that the application is direct and specific in its statement as to what material facts are expected to be established by each of the persons whose testimony is sought to be obtained, it is equally manifest that the applicant has strictly and literally complied with the final statutory requirement that the application must contain "a general outline of the facts expected to be proved."

■ Although the petitioner in this proceeding has made a showing that under strict equity practice many things, other than those to which reference has heretofore been had herein, must appear in an application for an order to perpetuate the testimony of a witness, from a reading of section 2084 of the Code of Civil Procedure, it is apparent that its provisions offer a complete plan of procedure in the premises, and consequently that no occasion exists for ascertaining whether the application, as presented, complies either with the former equity practice or with the pertinent statutes, rules or regulations concerning the subject which appertain to any jurisdiction outside this state. As is stated in 9 California Jurisprudence, 436, "Under the provisions of the Code of Civil Procedure all that is necessary to warrant the proceedings is that the applicant, or petitioner, expects to become a party to a suit in the courts of California, or, if no suit is anticipated, that the proof of some fact is necessary to perfect title to property in which he is interested, or to establish marriage, descent, heirship, 'or any other matter which may hereafter become material to establish.' "

In the case of *San Francisco Gas & Electric Co.* v. *Superior Court*, 155 Cal. 30 [17 Ann. Cas. 933, 99 Pac. 359, 361], where the general question of the right of a party to take a deposition was given thorough and painstaking consideration, in part the court said: ". . . It very clearly appears that it was the intention of the legislature not only to provide a simple statutory proceeding by which litigants, actual or expectant, could secure all the relief formerly afforded by courts of equity, but *even ampler relief*, and *upon easier terms*. (Professor Pomeroy states in the sections above cited that the same literal extension of the

°remedy has been made by act of Parliament in England.) This disposition to amplify the remedy is plainly apparent in the provisions of our code, both with respect to the proceeding *to perpetuate testimony* and the right to take depositions *de bene esse,* and in view of this tendency of legislation it seems clear to us that in any case which falls at once within the principle upon which the jurisdiction in equity was founded, and the letter of the statute, the right to take a deposition must be upheld.''

It is ordered that the writ heretofore issued herein be and it is discharged.

Conrey, P. J., and York, J., concurred.