[Civ. No. 9426. First Appellate District, Division Two.—May 25, 1934.]

MILTON JONAS, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Silverstein & Silverstein for Petitioner.

Philip S. Ehrlich and Albert A. Axelrod for Respondents.

NOURSE, P. J.—This is an original proceeding in *certiorari* to review an order of the superior court directing the petitioner to appear before a commissioner designated for the purpose of taking his deposition. The application for the commission alleged that the applicant expected to be a party to an action which he intended to commence against the petitioner herein. The burden of petitioner's attack upon the order is that the provisions of the Code of Civil Procedure, section 2083 et seq., covering the method

of proceedings to perpetuate testimony, and under which the commission herein was issued, are not sufficient to include the petitioner, who was designated in the proceedings as an expectant defendant. The argument is that under the common-law rule for the taking of depositions in the nature of a discovery as well as for the perpetuation of testimony it was necessary for the applicant to show some reason which in equity would justify an order of the court directing the deposition to be taken; that in the decisions following the common-law rule it has been uniformly held that before a commission for the perpetuation of testimony may issue the applicant should be required to show his inability to bring the action immediately and thus put the subject matter of the controversy in litigation and also that he should show that there was some danger of the evidence being lost unless perpetuated in the testimony sought to be taken in the deposition. There can be no quarrel with petitioner's statement of the common-law rule nor with his citation of the authorities from other jurisdictions recognizing the equity features required by those decisions to be shown incident to the right to take the testimony.

The question whether the sections of our code permit the deposition to be taken of an expectant party defendant where no reason for the perpetuation of the testimony is shown and where the applicant can obtain full relief by commencing his action has not been passed on directly in this state. All the authorities from other jurisdictions which have been cited to us are based either upon special statutes expressly requiring the reason and necessity for the perpetuation to be shown or they come from jurisdictions recognizing the equitable requirements necessary to the granting of the commission which have heretofore been referred to.

These authorities, though persuasive as to the equity of the practice generally, are not controlling in view of the ruling in *Kutner-Goldstein Co.* v. *Superior Court,* 212 Cal. 341, 345 [298 Pac. 1001], where it was held that the right to perpetuate testimony in this state is statutory and that nothing further need be shown in the application than the statutory requirements, citing *Christ* v. *Superior Court,* 211 Cal. 593 [296 Pac. 612], *San Francisco Gas & Electric Co.* v. *Superior Court,* 155 Cal. 30 [99 Pac. 359, 17 Ann. Cas.

933], and *Doyle* v. *Superior Court,* 100 Cal. App. 652 [280 Pac. 992].

In *Irving* v. *Superior Court,* 79 Cal. App. 361 [249 Pac. 236], the equity practice of other jurisdictions was followed in holding that the application should show the materiality of the evidence sought to some pending or contemplated controversy; but the decision to that extent was not approved by the Supreme Court in the Kutner case. In the Christ case it is emphasized that the right to the subpoena is a statutory right which the superior court is without discretion to deny, hence, that the motive of the applicant is immaterial. In the Doyle case it was held that the provisions of section 2084 of the Code of Civil Procedure present a complete plan of procedure for the perpetuation of testimony of a witness and that a compliance with the terms of that section is all that is necessary.

In all the cases cited the testimony was sought of a witness who was not named as a party expectant to the proposed litigation. The practice of using these proceedings in evident bad faith to harass and embarrass an expectant party or to discover facts which would enable the applicant to frame the complaint has been frequently condemned in the decisions from other jurisdictions. (*Matter of Schlotterer,* 105 App. Div. 115 [93 N. Y. Supp. 895]; *Matter of Dain's Sons Co.,* 204 N. Y. 623 [97 N. E. 1110].) But in view of the cases interpreting the sections of our code the compliance with those sections is sufficient to give the superior court jurisdiction to make the order. It should be borne in mind, however, that we are here considering this question of jurisdiction to issue the commission only, and that nothing said herein is applicable to the question of the rights of the witness after he has been summoned to appear and testify.

For the reasons given, the order under review is affirmed.

Sturtevant, J., and Spence, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1934.